**Bresler Ice Cream Company, an Illinois Corporation, Plaintiff-Appellee, v. The Millionaires Club, Inc., et al., Defendants-Appellants.**

Gen. No. 50,810.

First District, Fourth Division.

April 22, 1966.

Jurco, Damisch & Sinson, of Chicago (Stephen Jurco and James R. Mitchell, of counsel), for appellants.

Charles C. Kirshbaum, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from an order granting judgment on the pleadings in favor of the plaintiff.

On November 6, 1964, plaintiff filed a complaint for breach of contract and alleged (1) that on August 21, 1963, defendant entered into a contract whereby it agreed to purchase all of its requirements of ice cream and ice cream products from the plaintiff for a period of three years; (2) that on January 2, 1964, defendant discontinued the purchase of its requirements of ice cream in breach of the aforesaid contract; and (3) that plaintiff is entitled to liquidated damages under the contract. In its answer defendant admitted the existence of the contract but alleged that it was unenforceable and asserted several affirmative defenses in support of that allegation. The first such defense was that plaintiff fraudulently induced the defendant to enter into the contract, in that plaintiff loaned money to the defendant on or about the date of the agreement and falsely and fraudulently represented that it intended to keep the loan open and credit thereunder available for the duration of the contract; that plaintiff knew the representation to be false at the time it was made and intended that defendant act thereupon; and that defendant relied upon that representation but the loan was called and paid, to its detriment, within one month after the date of the requirements contract. The remaining affirmative defenses alleged that the terms of the contract are violative of various antitrust laws.

Plaintiff filed a motion for judgment on the pleadings, which was granted. Prior thereto plaintiff filed no motions directed to the sufficiency of the aforesaid answers nor did it file a reply to the affirmative defenses set forth therein.

■ ■ Fraud in the inducement renders a contract voidable at the option of the injured party. Roda v. Berko, 401 Ill 335, 81 NE2d 912. Any false representation of a material fact made with the knowledge of its falsity and intent that it shall be acted upon, and

which is acted upon to the injury of the other contracting party, constitutes such fraud. Wilkinson v. Appelton, 28 Ill2d 184, 190 NE2d 727. Defendant's verified answer shows that the contract and the loan agreement were so inextricably bound together as to be but parts of a single transaction, and properly sets forth the allegation that defendant was fraudulently induced to enter into the requirements contract by plaintiff's false representation that the loan would remain open for the duration of the three years.

■ ■ While any party may seasonably move for judgment on the pleadings (Ill Rev Stats 1963, c 110, § 45(5)) such judgment in favor of the plaintiff is improperly granted where the answer to a complaint sets forth any legal defense to the action. Thillens, Inc. v. Hodge, 2 Ill2d 45, 116 NE2d 886. Since defendant's answer properly sets forth the legal defense of fraud in the inducement, the judgment of the trial court is reversed and the cause remanded with directions to overrule the plaintiff's motion for judgment on the pleadings and to take such other action as is appropriate to resolve the issues presented by the pleadings.

In view of our holding, it is unnecessary to consider the other affirmative defenses and we have not done so.

Reversed and remanded with directions.

ENGLISH and McCORMICK, JJ., concur.