6 Ill. App.3d 424 (1972)
286 N.E.2d 25
HARVEY T. COURTNEY et al., Plaintiffs-Appellants,
v.
THE BOARD OF EDUCATION OF THE CITY OF CHICAGO et al., Defendants-Appellees.
No. 56620.
Illinois Appellate Court  First District.
June 28, 1972.
Winkler & Fornelli, of Chicago, (Harry G. Fins, of counsel,) for appellants.
James W. Coffey, of Chicago, (John J. Dillon and Richard E. Girard, of counsel,) for appellees.
Reversed and remanded.
Mr. JUSTICE BURMAN delivered the opinion of the court:
Plaintiffs, Harvey T. Courtney and Seymour R. Rabens, filed a sworn complaint on March 30, 1971, for a declaratory judgment against the Board of Education of the City of Chicago and the General Superintendent of Schools in which they sought a determination and declaration of their right to immediate appointment as school principals in the school *425 system. The defendants filed a motion to strike the complaint and to dismiss the action which was granted, and the plaintiffs appeal.
The pertinent facts, as set forth in the complaint, can be stated briefly. For over 15 years the plaintiffs have been employed as teachers by the Board of Education. On November 24, 1967, they took the principal's examination of the Board; and along with 77 others passed the written and oral portions and were issued principal's certificates. On August 25, 1970, another group of persons took the principal's examination, and on December 17, 1970, a list of successful candidates was issued. In the three and one-half months between the issuance of the results of the 1970 examination and the filing of the complaint 23 openings for positions as principals were filled by persons certified from the 1970 group of examinees while the plaintiffs were by-passed. In the final paragraph of the complaint, the plaintiffs allege, "The action of the defendants towards the plaintiffs is arbitrary and discriminatory, in violation of the spirit of the statutes and rules hereinabove set forth, and contrary to due process of law and equal protection of the laws guaranteed to the plaintiffs by the Illinois Constitution and the Fourteenth Amendment to the Constitution of the United States."
 1, 2 The standards which must be applied in testing the sufficiency of a complaint are well established. Section 33(1) of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 33(1)) provides in part, "All pleadings shall contain a plain and concise statement of the pleader's cause of action * * *" however, according to Section 42(2) of the Act (Ill. Rev. Stat. 1969, ch. 110, par. 42(2)), "No pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." For the purposes of a motion to dismiss all well pleaded facts and reasonable inferences to be drawn therefrom must be taken as true. (Acorn Auto Driving School v. Bd.Educ., 27 Ill.2d 93, 187 N.E.2d 722.) In determining whether a complaint states facts or conclusions, the complaint must be considered as a whole and not in its disconnected parts. Stenwall v. Bergstrom, 398 Ill. 377, 75 N.E.2d 864.
 3 The intent of the sections on pleading in the Civil Practice Act was to escape from the formality and rigidity of the common law requirements. Section 33(3) of the Act (Ill. Rev. Stat. 1969, ch. 110, par. 33(3)) requires that "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief. Louis v. Barenfanger, 81 Ill. App.2d 104, 226 N.E.2d 85.
*426 Section 34-84 of the School Code (Ill. Rev. Stat. 1969, ch. 122 par. 34-84) provides in part that "Appointments and promotions of teachers, principals and other educational employees shall be made for merit only * * *" Section 4-22 of the rules of the Board of Education of the City of Chicago declares that "All assignments of teachers and principals shall be made by the General Superintendent of Schools from the eligible lists." Section 4-24(b) of the same rules states "Certificates of Principals shall expire at the end of six years from the date of examination unless the holder shall have been assigned under such certificate as principal or to some position equal or superior to the position of principal."
The record shows that the persons who were appointed as principals in the period between December 17, 1970, and March 30, 1971, had successfully passed the examination and held the necessary principal's certificate. The defendants contend that the Board of Education has the sole power and duty under the School Code to appoint school principals and that where the Board appoints principals who have all the necessary qualifications, the plaintiffs have no right to demand immediate appointment in place of those selected. It is argued (1) that the Board in selecting principals need not give priority to those candidates who have held certificates for the longest time and (2) that no facts of any arbitrary Board action are set forth in the complaint.
In none of the cases cited by the defendants in support of their contentions do the courts sustain the dismissal of a complaint where factual allegations are made that a municipality or administrative agency acted in an arbitrary or discriminatory manner. In Richards v. Bd. of Education, 21 Ill.2d 104, 171 N.E.2d 37; Crofts v. Board of Ed. of City of Chicago, 105 Ill. App.2d 139, 245 N.E.2d 87; and Meridith v. Board of Education, Etc., 7 Ill. App.2d 477, 130 N.E.2d 5, the courts specifically recognized the necessity of reviewing and interfering with action of municipalities which were palpably arbitrary, unreasonable, or capricious. In Smith v. Board of Education, 405 Ill. 143, 89 N.E.2d 893, the Court in sustaining the granting of a motion to dismiss a complaint, held that a general charge without fact that the Board acted fraudulently in entering into a contract for the construction of a high school was only a conclusion of the pleader. The Court further stated in upholding the dismissal that the complaint contained no allegation showing the Board acted arbitrarily or practiced favoritism. In Anderson v. Board of Education, 390 Ill. 412, 61 N.E.2d 562, the Court held that a teacher whose contract was not renewed had not acquired tenure under the applicable statute and that the failure of the Board to renew the employment contract, by itself, gave rise to no cause of action against the Board.
 4 Here the plaintiffs held valid principals' certificates which were *427 approaching the expiration date. While the certificates were still effective the Board gave another principal's examination and issued another list of acceptable and qualified candidates. In the three and one-half month period following the announcement of the results of the 1970 examination, 23 openings for positions as principals were filled by persons who had just been certified. It is alleged that the action of the Board in filling the positions from a subsequent examination list and in bypassing the plaintiffs was arbitrary and discriminatory.
Although the complaint sets forth a minimum of facts, the allegations and reasonable deductions therefrom, in our opinion, reasonably inform the defendants of the plaintiffs' claims and raise a question of fact. We hold that the plaintiffs are entitled to an opportunity to prove that the defendants acted in an arbitrary and discriminatory manner in the selection of principals. The striking of the complaint and the dismissal of the cause must be reversed in order that such issues of fact may be resolved upon trial.
We have not been concerned here with the verity of the allegations in the complaint, and we express no opinion thereon.
For the reasons given, the order striking the complaint and dismissing the action is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
DIERINGER, P.J., and ADESKO, J., concur.