Duane E. Shanle *et al.*, Plaintiffs-Appellants, *v.* Ellen Moll, Defendant-Appellee.

(No. 12489; )

Fourth District—December 30, 1974.

*Rehearing denied March 3, 1975.*

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (William O. Martin, Jr., of counsel), for appellants.

Thomas J. Logue of Glenn & Logue, of Mattoon, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the plaintiffs from an adverse judgment of the circuit court of Logan County for recovery by a contract purchaser of a greenhouse and adjacent dwelling. Count I of the complaint requested that the contract be declared void under the provisions of section 2 of "An Act relating to installment contracts to sell dwelling structures" (Ill. Rev. Stat. 1971, ch. 29, par. 8.22) for the reason that such contract con-

tained no certificate of compliance setting forth a written warranty that no notice of any city, village or other governmental authority of a dwelling-code violation had been executed in compliance with section 2 of said statute. County II alleged that the contract was void because it was procured by fraud on the part of the sellers in that they represented to plaintiffs (1) that the boiler was mechanically sound and in good working condition, (2) that the tables located in the greenhouse used to display the plants were not rotted, but were in a usable condition, and (3) that the window frames which the defendant had covered with tar paper were not rotted, but were in good condition, and "paragraph 4 of the complaint asserted that said representations were false and were made by the defendant and her husband with knowledge of their falsity and with the intent that the plaintiffs should believe the same, and should rely and act thereon, and should be deceived and defrauded thereby"; that the plaintiffs believed such representations and in relying on them entered into the contract, and this they would not have done had they known that said representations were false.

Section 2 of the Act (Ill. Rev. Stat. 1971, ch. 29, par. 8.22) in substance states that any installment contract for the sale of a dwelling structure shall be voidable at the election of the buyer unless there is attached to the contract or incorporated therein a certificate of compliance stating that the dwelling structure was inspected within 30 days before the contract was executed by an inspector of the muncipality or county where the premises is located and that at the date of the execution of the contract the dwelling structure is not in violation of any building code, or, in the alternative, an express written warranty that no notice from a city, village or other governmental authority indicating that a dwelling code violation had been received by the seller, his principal or his agent within 10 years of the date of the execution of the installment contract, or, if such notices had been received, they are specifically listed in the agreement. The trial court held that inasmuch as the sellers retained possession of the dwelling for the complete term of the contract with the proviso that they pay rent after January 1, 1973, the statute does not apply. This being true, the court finds that no relief is available under Count I of the complaint.

■■■ The court found that no relief could be granted under Count II of the complaint for the reason that it does not state the truth of the matter in regard to the boiler, tables and window frames, and fails to allege any specific injury to the plaintiffs. We have some difficulty in following the argument of the defendant and of the finding of the trial court. Since the defendant filed a motion to dismiss the allegations of Count II, it must for the purpose of the motion and our review be taken

as true. Saying it as succinctly as is humanly possible, it appears to us that Count II succinctly states exactly what the defendant had misrepresented and that the defendant relied upon such misrepresentation and entered into the contract. Under such circumstances, the defendant represented to the plaintiffs that they were purchasing something that they did not have and did so well knowing that such was the truth. It is a well accepted principle that fraud vitiates all contracts, making them voidable at the option of the injured party. (*Pittman v. Lageschulte*, 45 Ill.App.2d 207, 195 N.E.2d 587; *Bresler Ice Cream Co. v. Millionaires Club, Inc.*, 71 Ill.App.2d 342, 218 N.E.2d 891.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiffs to relief. (*Courtney v. Board of Education*, 6 Ill. App.3d 424, 286 N.E.2d 25.) It necessarily follows that if the plaintiffs can prove what they state under Count II they have not only alleged but have established a cause of action entitling them to declare the contract void. In *Solem Machine Co. v. Carroll*, 2 Ill.App.3d 847, 277 N.E.2d 773, it is stated: "When fraud is charged, if the facts and circumstances, taken in aspect most favorable to the proponent may fairly be considered evidence tending to prove fraud in all of its elements, an issue is created for the jury."

■■ The disagreement about the sufficiency of Count I of this complaint is based upon an argument concerning the term "possession." In this contract, the sellers reserved physical possession of the dwelling and its appurtenance and had the option to remain there paying rent until the termination of the contract. There is no reason to give the term "possession" any different meaning than it has heretofore been accorded in the law. Under the terms of this contract and its schedule of payment, it would not be completely paid off until the end of 10 years. It began in September 1971, and as we have noted, the sellers are given the option of remaining in actual physical possession until the end of the contract. Hence, if actual physical possession is meant by the statute (and it does not precisely cover the situation where the seller has only an option to remain in possession), it would seem that the protective benefits of the statute are lost. The common-sense interpretation of the statute insofar as in its definition of installment contract in section 1(e) is concerned, it states that such a contract is where "the consideration for such sale is payable in installments for a period of at least one year after buyer takes possession of the dwelling structure and the contract seller continues to have an interest, or security for the purchase price of otherwise in that property." (Ill. Rev. Stat. 1971, ch. 29, par. 8.21 (e).) In our judgment, that must be construed to mean that, since the

contract provides for the seller to pay rent, the seller is in fact the owner of two separate interests in the property; one is a security interest wholly unrelated to possession or occupancy and the second is that the occupancy is as a lessee and on no other basis. In short, so far as possession is concerned under the statute and under this contract, the buyer at least was vicariously in possession within the meaning of the law when the seller began to pay rent, or stating it differently, the possession of the tenant is the possession of the landlord in most all occasions, except as between the landlord and tenant themselves. It would seem abundantly clear that the purpose of the statute is not for the purpose of forcing a seller to comply with a nonexisting building code but to furnish information for the protection of the buyer as to the condition of the property he is purchasing without requiring that purchaser to search the records or cause an inspection of the house for possible violations not only of municipal or county ordinances but, as the statute states, other governmental dwelling authorities such as State health, State fire protection and environmental protection agencies. It is a simple matter for the owner of the house to make the assertion required by section 2 that within 10 years he has received no such information from any such agencies suggesting a violation or if he has, the list of such notices are attached to the contract. Accordingly, Count I also states a cause of action.

Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to vacate the judgment and direct the defendant to file an appropriate answer to the complaint.

Reversed and remanded with directions.

SIMKINS, P. J., and TRAPP, J., concur.