CLAIRE M. GUTOW, Plaintiff-Appellant, *v.* ALLAN G. COOPER, Defendant-Appellee.

First District (1st Division)    No. 78-1962

Opinion filed March 24, 1980.

Todd C. Lyster, of Chicago, for appellant.

Martha A. Mills and Sue A. Herrmann, both of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

On January 3, 1977, plaintiff filed her complaint for an accounting under the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1975, ch. 121½, par. 137.13), and for the return of funds allegedly invested by her with one of several defendants sued individually in violation of the Illinois Securities Law of 1953. The present appeal pertains solely to Cooper, one of the several defendants sued by the plaintiff. Cooper had been president of a co-defendant Michigan corporation and on February 5, 1977, was served with a summons in Texas. On March 15, 1977, the defendant, pro se, filed an unverified document called "Plea to the Jurisdiction" of the court and "Answers to Complaint," specifically reserving his objections to the jurisdiction of the court. Along with his pleading, Cooper enclosed a cover letter explaining that he was unable to retain legal counsel and that "I am answering the complaint in person at the present time." An amended complaint was filed on July 13, 1977, and on July 27, 1977, Cooper, in response to communications with counsel for plaintiff, filed

another copy of his plea to jurisdiction and answer which was verified. Defendant enclosed another cover letter stating that he was merely filing a verified pleading. On February 28, 1978, defendant retained counsel who filed a special and limited appearance on his behalf to contest the jurisdiction of the court over him on the grounds that Cooper had no contacts with the State of Illinois and that the summons which was served upon him was void. A third amended complaint was filed on May 25, 1978, and on June 22, 1978, counsel for Cooper renewed the motion to quash service of summons and to dismiss the complaint for lack of personal jurisdiction. On July 26, 1978, the court granted the motion of defendant to quash service of summons on the grounds that the summons was served more than 30 days after its issuance and was void when served. On August 24, 1978, the court denied plaintiff's motion to vacate the order quashing service of summons and found that "the defendant Allan G. Cooper, has not submitted to the jurisdiction of this Court by the filing of his two answers to complaint and plea to the Jurisdiction, and other documents." The court also found that there was no just reason to delay enforcement of an appeal. Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)(1).

On appeal, the plaintiff contends that the defendant did not comply with the requirement of section 20(1) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 20(1)), by restricting his pleading solely to the issue of jurisdiction and has submitted to the jurisdiction of the court and waived all defects or irregularities in the service of process.

Section 20(1) provides as follows:

"Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." Ill. Rev. Stat. 1975, ch. 110, par. 20(1).

The defendant contends that under Supreme Court Rule 102(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 102(b)), no summons may be served later than 30 days after its date of issuance and such service of summons after 30 days is a nullity. Defendant further contends that the court was correct in its finding that defendant never submitted to the jurisdiction of the court and did not waive the requirement of section 20 of the Civil Practice Act by the two documents filed on March 15, 1977, and August 1, 1977, bearing the captions "Plea to the Jurisdiction" and "Answers to Complaint."

Plaintiff asserts that the failure to interpose a timely objection to formal defects and irregularities in process or service and pleading to the merits, constitutes a waiver thereof. An examination of the original document filed by defendant discloses that the portion of the document entitled "Answers to Complaint" purports to directly respond and answer each of the 15 paragraphs to plaintiff's complaint. The letter of the judge in this matter states: "I have been unable to retain legal counsel at the present time because of my present financial situation. Therefore, I am answering this complaint in person at the present time."

The intention of the defendant, as revealed by the two letters and the two answers to the complaint filed with the clerk of the court, clearly was not confined to the question of jurisdiction and the defendant stated that he was answering the complaint. See *Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77.

The Civil Practice Act, section 20, expressly provides that "every appearance, prior to judgment, not in compliance with the foregoing is a general appearance." (Ill. Rev. Stat. 1975, ch. 110, par. 20; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 586, 366 N.E.2d 1015.) In other words, under a literal reading of the statute, the defendant did make a general appearance by filing the two answers to the complaint prior to judgment and has waived any defect or irregularity in the service of process. (See *People v. Estep* (1955), 6 Ill. 2d 127, 126 N.E.2d 637; *Greer v. Ludwick* (1968), 100 Ill. App. 2d 27, 241 N.E.2d 4.) Applying a liberal construction of section 20 to the answers to the complaint, we hold that said defendant has submitted to the jurisdiction of the court.

It follows that for the reasons stated, the orders of the circuit court quashing the service of summons are reversed and the cause remanded to the circuit court for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.