**DIAL–IN, INC., an Illinois Corporation, Plaintiff,**

**v.**

**The ARO CORPORATION, a Foreign Corporation, Defendant.**

**No. 85 C 6484.**

United States District Court,
N.D. Illinois, E.D.

Sept. 18, 1985.

Michael J. Gill and Susan E. Babb, Isham, Lincoln & Beale, Chicago, Ill., for plaintiff.

Jon O. Nelson and Anne M. Rosenblum, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On May 23, 1985, plaintiff Dial-In, Inc. ("Dial-In") filed this breach of contract action against defendant The ARO Corporation ("ARO") in the Circuit Court of Cook County, Illinois. ARO was also served with a summons and a copy of the complaint on that day. On July 19, 1985, ARO filed a petition for removal of the case to this Court. Claiming that the removal petition is untimely, Dial-In has moved to remand the action to state court. For the reasons set forth below, Dial-In's motion to remand is granted.

Under 28 U.S.C. § 1446(b), a petition for removal must be filed within thirty days after the defendant, through service or otherwise, receives a copy of the initial pleading setting forth the plaintiff's claim for relief. Dial-In argues that ARO has failed to act within this time limit, waiting almost sixty days to file its removal petition.

ARO, on the other hand, contends that the May 23, 1985 service of Dial-In's complaint was fatally defective in that it failed to include a full copy of the contract on which Dial-In's suit is based, as required by Ill.Rev.Stat. ch. 110, ¶ 2–606. Indeed, although the copy of the complaint filed in state court included a full copy of the par-ties' contract, the service copy was missing two pages (the second and the last) of the four-page document. ARO argues that the thirty-day period for removal did not begin to run until July 15, 1985, when ARO informed Dial-In of the missing pages and Dial-In supplied them to ARO, or at least until June 19, 1985, when ARO filed its general appearance in state court. ARO also points out that on June 19, 1985, the parties filed a stipulation giving ARO until July 19, 1985, to answer or otherwise plead to Dial-In's complaint.

Dial-In responds initially by arguing that the failure to attach a complete copy of the parties' contract to the service copy of the complaint was not a fatal defect—it did not in any way impair the jurisdiction of the state court over ARO's person. Ill.Rev. Stat. ch. 110A, ¶ 104(d); *Hubbartt v. Frank*, 36 Ill.App.3d 529, 344 N.E.2d 496, 499 (5th Dist.1976).

■ More to the point is Dial-In's assertion that ARO had been effectively notified of the nature of the suit and the contract in question on May 23, 1985. Service of process under state law does not control removal under 28 U.S.C. § 1446. *Tyler v. Prudential Insurance Co. of America*, 524 F.Supp. 1211, 1213 (W.D.Pa.1981); *Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355, 359 (N.D.Ga.1978). Rather, "[a]ll that is required is that the defendant receives, through service or otherwise, a copy of an 'initial pleading' from which the defendant can ascertain that the case is one which is or has become removable." *Tyler*, 524 F.Supp. at 1213, citing *International Equity Corp. v. Pepper & Tanner, Inc.*, 323 F.Supp. 1107, 1109 (E.D.Pa.1971); *see also Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (E.D.Mich.1979); *Perimeter*, 456 F.Supp. at 358. If ARO could have intelligently determined removability from the papers it received with the May 23 summons, then the thirty-day statutory period began to run on that date.

■ We agree with Dial-In that the papers served on ARO on May 23, even with two pages of the contract missing, did in

fact reveal that the case might be removed to federal court. This Court could exercise subject matter jurisdiction in this case only by virtue of the parties' diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). The initial pleading which ARO received on May 23 quite clearly alleged that the parties are citizens of different states and that the amount in controversy exceeds $10,-000.[1] Thus, ARO could have determined from the outset that this action was removable, and the thirty-day period established in § 1446(b) began to run on May 23. Consequently, ARO's July 19 petition for removal is untimely.

 The fact that ARO filed a general appearance on June 19 is irrelevant to the question of removability. If anything, ARO's appearance constituted a waiver of any objections it may have had to the May 23 service of process. *E.g., Gutow v. Cooper,* 82 Ill.App.3d 534, 37 Ill.Dec. 850, 402 N.E.2d 852 (1st Dist.1980); *Zvonarits v. Vollen,* 64 Ill.App.3d 958, 21 Ill.Dec. 724, 382 N.E.2d 18 (1st Dist.1978).[2] But as we have already noted, service of process under state law is distinct from, and does not govern, removal under § 1446.

 Also irrelevant is the stipulation of the parties to allow ARO to answer or otherwise plead to Dial-In's complaint until July 19. The thirty-day period set forth in § 1446(b) is mandatory and cannot be extended by consent of the parties or by court orders. *E.g., Diaz v. Swiss Chalet,* 525 F.Supp. 247, 250 (D.P.R.1981); *Tyler,* 524 F.Supp. at 1213; *Crompton v. Park Ward Motors, Inc.,* 477 F.Supp. 699, 701 (E.D.Pa.1979); *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D.Ill.1974); *Transport Indemnity Co. v. Financial Trust Co.,* 339 F.Supp. 405, 407 (C.D.Cal.1972). Therefore, the parties' stipulation has no effect on the timeliness of ARO's removal petition.

 In sum, ARO's petition for removal is untimely, as it was not filed within thirty days of the May 23, 1985 service of summons and complaint. Because the case was improperly removed from state court—though without any apparent bad faith—ARO must pay Dial-In the costs, but not the attorney's fees, the latter incurred in opposing removal.[3] 28 U.S.C. § 1446(d); *Zoyoipoulos v. Palombo,* 584 F.Supp. 867 (D.Colo.1984); *Brown & Sharp Mfg. Co. v. All Individual Members of Lodges 1088 and 1142 of District No. 64 of the Int'l Ass'n of Machinists and Aerospace Workers, AFL–CIO,* 535 F.Supp. 167, 172 (D.R.I. 1982). Accordingly, Dial-In's motion to remand is granted. It is so ordered.

---

1. Moreover, nothing in the two missing contract pages sheds any further light on this issue.

2. This case is distinguishable from *Potter v. McCauley,* 186 F.Supp. 146 (D.Md.1960), where there was *no* personal service by legal process on defendant before she voluntarily entered a general appearance in state court.

3. The parties should be able to determine the amount of costs due Dial-In without the assistance of the Court and should then present an appropriate draft order to the Court. If this proves not to be the case, Dial-In should promptly file with the Court a statement itemizing its costs.