DARLA CHRISTOFFEL, Plaintiff-Appellant, v. COUNTRY MUTUAL IN-
SURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 5—87—0479

Opinion filed April 24, 1989.—Rehearing denied June 9, 1989.

Steven E. Katzman, of Belleville, for appellant.

James E. Gorman and Curtis L. Blood, both of Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, of Edwardsville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiff Darla Christoffel appeals from an order of the circuit court of St. Clair County which granted defendant Country Mutual Insurance Company's motion to dismiss. We reverse.

On December 6, 1984, the plaintiff, Darla Christoffel, was injured while she was a passenger in a vehicle driven by Garry Jones, which was struck by a vehicle driven by an uninsured motorist. Garry Jones' automobile was insured by Madison Mutual Insurance Company, which provided uninsured motorist protection of $25,000 per person/$50,000 per occurrence. The plaintiff was also the named insured in an automobile policy issued to her by Country Mutual, which contained uninsured motorist protection of $50,000 per person/$100,000 per occurrence. On June 13, 1986, Plaintiff notified Country Mutual of the potential uninsured motorist claim which she held against Country Mutual. Plaintiff also advised Country Mutual of her claim and suit against Madison Mutual Insurance Company and of pending arbitration proceedings with Madison Mutual.

The claim against Madison Mutual proceeded to arbitration. Country Mutual chose not to be present at the arbitration proceedings. Plaintiff and Madison Mutual Insurance stipulated at the hearing to

the policy limits of $25,000 as well as to the amount of medical payments paid by Madison Mutual, which were deductions from any award or settlement. On September 5, 1986, an order was entered by the arbitrators, awarding plaintiff $25,000 in damages less deductions for the amount of the medical payments. On October 3, 1986, plaintiff filed a motion to reconsider in the arbitration proceeding against Madison Mutual, asking the arbitrators to reconsider their findings that the plaintiff's damages were $25,000. The arbitrators granted the motion and entered an order in which the plaintiff's damages were found to be in excess of $25,000.

Subsequent to the above arbitration hearing, plaintiff made a claim against Country Mutual under the uninsured motorist provisions of her policy. Country Mutual denied coverage, alleging that plaintiff's damages had been fully satisfied by the arbitration award and that Country Mutual therefore had no duty to arbitrate. Plaintiff then filed a complaint for declaratory judgment against Country Mutual seeking an order requiring defendant to submit to arbitration and for damages based on defendant's vexatious refusal to arbitrate. At no time was a copy of the insurance policy attached to the pleadings or made a part of the record. Defendant filed a motion to dismiss on grounds: (1) that plaintiff failed to comply with section 2—606 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—606) by not attaching either a copy of the insurance policy to the complaint or an affidavit indicating that the insurance policy was inaccessible; (2) that the action was barred because it was not brought within the two-year statute of limitations provided for in the policy; and (3) that there was no duty of defendant to arbitrate because plaintiff's damages had been fully satisfied by the arbitration award.

The trial court granted defendant's motion to dismiss, holding that the initial arbitration award established that the plaintiff had been fully compensated for the injuries which she sustained. The trial court did not address the statute of limitations issue. This appeal by plaintiff followed.

■ The first concern of this appeal is the effect of not having the insurance policy, which is the subject of this suit, attached to the pleadings or otherwise included in the record. Paragraph 3 of count I and paragraph 2 of count II of plaintiff's complaint state that plaintiff does not have a copy of the insurance policy in her possession. This assertion, although not supported by an independent affidavit, was made in the body of the complaint, which was itself sworn and subscribed to. Section 2—606 (Ill. Rev. Stat. 1987, ch. 110, par. 2—606) provides:

"If a claim or defense is founded upon a written instrument, a copy thereof *** must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her. In pleading any written instrument a copy thereof may be attached to the pleading as an exhibit. In either case the exhibit constitutes a part of the pleading for all purposes."

An affidavit is a written statement, confirmed by the oath of the party making it, taken before a person having authority to administer such oath or affirmation. (*Black's Law Dictionary* 54 (5th ed. 1979).) Failure to comply with the requirement of section 2—606 is grounds for dismissal of a complaint. (See *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 431 N.E.2d 1175.) In the instant case plaintiff did not strictly comply with section 2—606. Plaintiff did not attach a copy of the insurance policy to her complaint for declaratory judgment, nor did she attach a separate affidavit stating facts showing that the instrument was not accessible to her. However, at the conclusion of plaintiff's complaint is a notarized sworn and subscribed statement by the attorney who prepared the complaint, affirming the truth of the allegations made in the complaint. The sworn statement of the attorney who prepared the complaint verifies the truth of the allegations of the complaint, and two of the allegations were that plaintiff did not have the policy in her possession.

Compliance with section 2—606 is further established by virtue of the fact that the insurance policy was described in the body of the complaint and that defendant had prepared the policy and is presumed to have a copy. This court in *Hubbartt v. Frank* (1976), 36 Ill. App. 3d 529, 344 N.E.2d 496, ruled that the trial court exercised proper discretion in waiving strict compliance with the rule requiring that a copy of the agreement be attached to the complaint served upon defendant. In *Hubbartt* defendant filed a motion to strike plaintiff's complaint. One of the grounds for its motion was plaintiff's failure to attach a copy of the contract which was the subject of the complaint. (*Hubbartt*, 36 Ill. App. 3d at 531, 344 N.E.2d at 498.) Although a copy of the written agreement sued upon was not attached to defendant's copy of the complaint, the agreement was described in the body of plaintiff's verified complaint, the defendant had prepared the contract and was presumed to have a copy, and the complaint filed with the court did include a copy of the written agreement. (*Hubbartt*, 36 Ill. App. 3d at 532, 344 N.E.2d at 499.) Although arguably *Hubbartt* is distinguishable from the instant case in that a copy of

the insurance policy was not made part of the record, plaintiff herein did substantially comply with section 2—606.

Since our decision is that the plaintiff did substantially comply with section 2—606, we now turn to the issue of whether the trial court erred in granting defendant Country Mutual's motion to dismiss. Our supreme court has explained what a satisfactory complaint must contain:

> "To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second, *** the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed." *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009.

To avoid a motion to dismiss, it must be clear that no set of facts can be proved which would entitle plaintiff to recover. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 425, 286 N.E.2d 25, 26.) Section 2—603(c) of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—603(c)) tells us that "pleadings shall be liberally construed with a view to doing substantial justice between the parties." Plaintiff's complaint for declaratory judgment herein stated the factual allegations that plaintiff was insured by defendant and that defendant was required to provide underinsured/uninsured motorist protection in the amount of $50,000/$100,000; that plaintiff was injured in an auto accident involving an uninsured motorist; that plaintiff was awarded $25,000 from the primary insurer; that said recovery was insufficient to compensate plaintiff; that pursuant to defendant's contract of insurance plaintiff made a demand and filed a claim; that plaintiff fully complied with all conditions required by the contract of insurance between herself and the defendant; and that in breach of the insurance contract, defendant has refused to provide coverage to plaintiff. These factual allegations must be taken as true when deciding a motion to dismiss. (*Courtney*, 6 Ill. App. 3d at 425, 286 N.E.2d at 26.) A complaint for declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights, and which demonstrates that the plaintiff is interested in the controversy, states facts sufficient to state a cause of action. (*City of Chicago v. Department of Human Rights* (1986), 141 Ill. App. 3d 165, 169, 490 N.E.2d 53, 57.) While some of the allega-

tions set forth above are conclusory in nature, it appears to us that they sufficiently apprise defendant of the fact that plaintiff is claiming coverage due by Country Mutual under the policy.

We also note that a plaintiff is not required to allege facts with precision where the necessary information to do so is within the knowledge and control of the defendant and unknown to plaintiff. (*Stap v. Chicago Aces Tennis Team, Inc.* (1978), 63 Ill. App. 3d 23, 29-30, 379 N.E.2d 1298, 1303.) In the case before us, plaintiff did not have a copy of the insurance policy which was within defendant's possession. As discovery was not initiated by the parties prior to the trial court's consideration of the motion to dismiss, plaintiff was thereby without the information needed to plead more specific factual allegations. The complaint however, set forth the ultimate facts with sufficient specificity to reasonably inform Country Mutual of the charges against it.

Based on the record before us, the trial court improperly granted the motion to dismiss plaintiff's complaint.

Reversed and remanded.

GOLDENHERSH and HOWERTON, JJ., concur.