(No. 30304.—)
Victoria C. Stenwall, *et al.*, Appellants, *vs.* Ralph W.
Bergstrom *et al.*, Appellees.

*Opinion filed November 20, 1947.*

C. A. PEDDERSON, and HALL & HALL, both of Rockford, for appellants.

THOMAS & DAVIS, of Rockford, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is a suit by some of the heirs of one Ellen Bergstrom against other heirs involving a purported conveyance of land owned by Ellen Bergstrom during her lifetime. A complaint was filed in chancery on November 28, 1945, in the circuit court of Winnebago County, praying for relief as set forth in the complaint. This complaint was stricken on motion by the defendants-appellees, hereinafter referred to as defendants. The plaintiff-appellants, hereinafter referred to as plaintiffs, filed an amended complaint to which a motion to strike was also filed. The amended complaint was stricken. By leave of court the plaintiffs then filed a second amended complaint and a motion to strike was filed as to this complaint. Before argument was heard on the motion, the plaintiffs made certain amendments by leave of court and it was then ordered that the motion to strike stand as to the second amended complaint as amended. This motion to strike was also granted and the plaintiffs elected to stand upon the second amended complaint as amended. The circuit court entered an order and decree that plaintiffs take nothing by their suit and that they be required to pay the costs of the proceeding. From that decree an appeal was taken to this court, a freehold estate being involved.

There is a memorandum of decision by the trial court referring to the striking of the amended complaint on the ground that paragraph seven of the amended complaint pleaded legal conclusions rather than facts; that the recording of the deed in the lifetime of the grantor established a *prima facie* case that the deed was properly delivered, and that the plaintiffs herein were guilty of

*laches.* The record also includes a memorandum opinion by the same court in which he ordered the second amended complaint as amended stricken on the ground that the plaintiffs had been guilty of *laches.*

The second amended complaint, as amended, is lengthy and sets out a history of the land and the deed involved, the various conversations between the parties, and the action of those parties in connection with the land and the deed; also the relationship of the defendant Ralph W. Bergstrom with the parties plaintiff. The amended complaint prays for partition and for an accounting, and sets forth other specific and general prayers for relief. The following are some of the salient facts set forth in the pleading.

On or about August 13, 1921, Ellen Bergstrom acquired title to the premises in controversy by warranty deed from Adolph G. Bergstrom and his wife, subject to a mortgage in the sum of $4500. Ellen Bergstrom was the mother of the plaintiffs and of the defendants Adolph G. Bergstrom and Ralph W. Bergstrom. The deed in question in this case bears the date January 25, 1930, at which time the grantor, Ellen Bergstrom, was 75 years, 10 months, and 18 days of age. It was placed on record by Ralph W. Bergstrom on or about April 14, 1937, at which time Ellen Bergstrom was of the age of 82 years, 2 months, and 7 days. The amended complaint asserts that she was then in feeble health and unable to transact any business on her own account. She became deceased on December 24, 1937, without having regained her physical or mental strength. It is stated that the execution of the deed was suggested by the son Adolph G. Bergstrom and William Sizer, an attorney; that it was originally planned to execute the deed to a daughter Ingeborg Clayton, but because she resided in Springfield it was thought that someone in Rockford had better take the title, and hold the same for Ellen Bergstrom. It is alleged that

the purpose of the conveyance was to preserve the rights of Ellen Bergstrom in and to the said premises; that upon the suggestion of Adolph G. Bergstrom and the attorney, William Sizer, it was determined to have the property conveyed to Ralph W. Bergstrom, which was done at the instance of Sizer and without any consideration whatsoever.

After the purported execution of the deed Sizer retained possession of the deed and later handed it to the defendant Adolph G. Bergstrom. The attorney, Sizer, became deceased on October 6, 1936. It is alleged that nothing was paid to Ellen Bergstrom for the said deed either before or after the execution thereof.

It is further alleged that the said Ellen Bergstrom died intestate leaving the plaintiffs, Ingeborg Clayton, Victoria C. Stenwall and J. Arthur Bergstrom, and the defendants Ralph W. Bergstrom and Adolph G. Bergstrom as her children and only heirs-at-law.

At the date of the above deed Adolph G. Bergstrom was engaged in a retail establishment in Rockford, in which business Ralph W. Bergstrom and others were interested. It is alleged that a short time after the date of the execution of the deed, the business was taken over by the defendant Ralph W. Bergstrom; that while Adolph G. Bergstrom operated said business he had a counter he used, and particularly one drawer thereof which he used for his own personal private papers; that in said drawer was placed the deed in question, together with abstracts of title and other private papers of Adolph G. Bergstrom; that a year or more after he had left the business, the said Adolph G. Bergstrom and J. Arthur Bergstrom, one of the plaintiffs, went to the drawer; that while Adolph G. Bergstrom was searching for some personal papers he came across the deed in controversy and handed it to J. Arthur Bergstrom, who examined the deed and returned it to Adolph G. Bergstrom, with the statement, "That deed does not amount to anything," and thereupon Adolph G. Berg-

strom stated, "I know that it does not," or words to that effect; that later the latter replaced the deed in the drawer with his other papers.

The amended complaint also states Adolph G. Bergstrom requested Ralph W. Bergstrom to move into the disputed premises as a tenant, that at that time the mortgage of $4500 to the Rockford Life Insurance Company was still a lien on the premises, and, at the request of Adolph G. Bergstrom, his brother Ralph began the payment of $25 per month for the use of the premises and later the sum of $35 per month as rent. It is alleged that these payments were first made to Adolph G. Bergstrom, who was acting as the agent for his mother, Ellen Bergstrom, and were turned over to the Rockford Life Insurance Company to apply upon the mortgage indebtedness; that later Adolph G. Bergstrom requested the defendant, Ralph W. Bergstrom, to pay said rent directly to the Rockford Life Insurance Company; that Ralph W. Bergstrom paid the monthly rent to said insurance company and directed it to credit said monthly payments for the benefit of Ellen Bergstrom on said encumbrance; that he continued to make said payments during the lifetime of Ellen Bergstrom and for several years thereafter, and even after he had caused said deed to be recorded; that later, and prior to April 12, 1937, Ralph W. Bergstrom cleaned out the drawer above referred to and found the deed involved in this case; that he took the same to the recorder's office and caused the same to be recorded on April 14, 1937, which was more than seven years after the date thereof. It is alleged that Ellen Bergstrom did not know that the deed was recorded and delivered and that Ralph W. Bergstrom continued to pay rent for the possession of the premises for many years after he had found the deed and caused it to be placed of record. It is stated in the amended complaint that the plaintiffs did not know there had been any change in the claimed relationship of landlord and tenant

between Ellen Bergstrom and the said Ralph W. Bergstrom until about two months before the filing of the original complaint in this cause.

It is further alleged that at various times since the death of Ellen Bergstrom, and down to about three months before the original complaint was filed in this case, Ralph W. Bergstrom stated to the plaintiffs that the other heirs-at-law of Ellen Bergstrom had an interest in the said premises, and that they had something coming from the said property; that about six months before the original complaint was filed he claimed that he had $8000 in the property and that if the other heirs would pay him $10,000 he would be satisfied and would deed the property to them; that said premises are of the fair cash market value of upwards of $15,000.

The defendants herein deny the right of this court to review the record as to the striking of the original complaint and the amended complaint filed thereafter. The defendants claim that, since the plaintiffs appealed only from the order striking the second amended complaint as amended, this court cannot now consider any other orders entered in this cause. The complete record in the case has been filed with this appeal and we know of no reason why this court cannot review the entire record. It often becomes necessary, when a record is brought to this court for review, to review the entire record to do justice between the parties in the cause. Ill. Rev. Stat. 1945, chap. 110, par. 45(4).

The motion to strike the second amended complaint, as amended, was based primarily upon three grounds: (1) That plaintiffs allege no facts showing the intention of Ellen Bergstrom to set up a trust for her heirs-at-law, upon which to base a cause of action, and upon which to base a decree setting aside the warranty deed; (2) that the plaintiffs allege only legal conclusions; and (3) that the plaintiffs had been guilty of *laches* in that with their

knowledge of the facts they did not commence any proceeding to enforce the alleged trust or to establish their equities until the filing of this suit on November 25, 1945, which is more than eight years after the deed was recorded, more than eight years after the death of the grantor, and more than fifteen years after signing an execution of the deed.

The pleadings having been disposed of on a motion to strike, the facts stated in the amended complaint will be taken as true. This rule does not, however, extend to conclusions drawn by the pleader. (*Kurtzon* v. *Kurtzon*, 395 Ill. 73.) The complaint, in order to stand, must contain sufficient averments of facts to state a cause of action. We concede that many of the allegations in this complaint are mere conclusions of the pleader, but there are also many statements of fact included. Section 42 of the Civil Practice Act (Ill. Rev. Stat. 1945, chap. 110, par. 166,) provides that no pleading shall be deemed bad in substance which shall contain such information as reasonably informs the opposite party of the nature of the claim or defense, and section 33 of the act provides that pleadings shall be liberally construed with a view to doing substantial justice between the parties. *Crosby* v. *Weil,* 382 Ill. 538; *Frasier* v. *Finlay,* 375 Ill. 78.

In considering the question whether or not a complaint states facts and not conclusions of the pleader the whole complaint must be considered and not its disconnected parts. (*Donner* v. *Phoenix Joint Stock Land Bank,* 381 Ill. 106.) Without attempting to repeat the lengthy statement of facts but after a careful reading of the amended complaints as herein set forth, it is our opinion that they set forth sufficient facts to conform to the requirements of said section 42 of the Civil Practice Act.

The allegations concerning the statements made by the defendant Ralph W. Bergstrom to the plaintiffs about their interest in the property, if proved, would tend to show that

the plaintiffs were not treated with all the fairness which equity requires in a case of this type. We believe the allegations of the second amended complaint, as amended, are of such a character as require the defendants to answer.

The trial court, in striking the second amended complaint, as amended, did so on the basis of section 4 of the Limitations Act, (Ill. Rev. Stat. 1945, chap. 83, par. 4,) which provides: "Actions brought for the recovery of any lands, tenements or hereditaments of which any person may be possessed by actual residence thereon for seven successive years, having a connected title in law or equity, deducible of record, from this state or the United States, or from any public officer or other person authorized * * * to sell such land on execution, or under any order, judgment or decree of any court of record shall be brought within seven years next after possession being taken, as aforesaid; but when the possessor shall acquire such title after taking such possession, the limitation shall begin to run from the time of acquiring title." This section of the Limitations Act was considered in *Alsup* v. *Stewart*, 194 Ill. 595. In that case this court held that the possession required by the statute and protected by it is adverse possession and that such possession must be an actual, visible, exclusive appropriation of the land, commenced and continued under a claim of right, and that it must be hostile in its inception and so continue. Such is not the situation in this cause. The allegations of the second amended complaint, as amended, are to the effect that the defendant Ralph W. Bergstrom entered upon the land as a tenant and that he did not file the deed until the year 1937. The complaint further alleges facts tending to show how the deed came into the possession of this defendant. Further, the allegations of the complaint are to the effect that the defendant Ralph W. Bergstrom had conversation with the plaintiffs and other heirs of Ellen Bergstrom whereby the defendant Ralph W. Bergstrom admitted the

interests of the various heirs of Ellen Bergstrom in the property. We do not see, under these circumstances, how defendants can claim that the possession of Ralph W. Bergstrom falls within the rule of the *Alsup case*. The conversations alleged in the second amended complaint, as amended, taken in conjunction with the recording of the deed in question are fully consistent with the alleged plan of the attorney, Sizer, as set forth in the second amended complaint, as amended. Before the tenant can acquire title adversely he must do certain things which definitely give notice to the owner of a change in his standing from that of tenant to a claimed owner. *Town of Kaneville* v. *Meredith*, 351 Ill. 620.

In *Jacobi* v. *Jacobi*, 345 Ill. 518, we said: "Where one claiming under the Statute of Limitations has acquired possession in subordination to the title of the owner of the fee, * * * a clear and positive assertion of an adverse right showing a claim of ownership must be definitely brought to the knowledge of the title owner before any foundation can be laid for the running of the statute." The second amended complaint, in paragraph 16, makes an allegation that the recording of the deed in question by Ralph W. Bergstrom was without notice to Ellen Bergstrom. This is consistent with the other allegations in the amended complaint as to the conversations of Ralph W. Bergstrom with the other heirs. It is plain that where facts are pleaded denying the notice of the adverse rights of the party claiming title to the land, the defendant should not be allowed to use the Statute of Limitations to defeat justice in the cause. The motion to strike admitted the facts well pleaded.

The Statute of Limitations is ordinarily followed as a convenient measure for determining the length of time that ought to operate as a bar, but we have often held that it is not conclusive or binding and that relief may be refused although the time fixed by the statute has not expired

or may be granted even though the time of limitation has long elapsed. (*Evans* v. *Moore*, 247 Ill. 60.) The facts of each particular case must be reviewed to determine whether or not the statute is to be strictly construed. (*McDiarmid* v. *McDiarmid*, 368 Ill. 638.) Inasmuch as the facts of the second amended complaint, as amended, have been admitted by the motion to strike, we hold that section 4 of the Limitations Act is not binding in this cause.

The defendant cites *Booker* v. *Booker*, 208 Ill. 529, as being determinative of the issues involved in this appeal. We have read this case carefully and we find that the facts there are distinguishable and not controlling here. We have examined the other cases cited by the defendants herein and find they are not applicable to the fact situation as it exists in this cause. For the reasons stated, the decree and order of the circuit court of Winnebago County are reversed and the cause remanded to that court, with directions to overrule the motions to strike and require the defendants to answer the complaint as amended.

*Reversed and remanded, with directions.*