EQUITY GENERAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* ROBERT PATIS, d/b/a Robert Patis General Insurance Agency, Defendant-Appellant.

First District (4th Division)   No. 82—2774

Opinion filed November 10, 1983.

Craig Cooper, of Chicago, for appellant.

Daniel J. Pope, David L. Carden, and Michael D. McCormick, all of Coffield, Ungaretti, Harris & Slavin, of Chicago, for appellee.

JUSTICE LINN delivered the opinion of the court:

Defendant, Robert Patis, appeals from the trial court's order granting the motion for summary judgment brought by plaintiff, Equity General Insurance Company (Equity). Equity, defendant's professional liability insurer, sought a declaration of no coverage under an errors and omissions policy on a malpractice claim filed against Patis, its insured. The trial court found that Patis failed to satisfy a condition precedent to coverage and that no genuine issue of material fact existed.

Defendant's sole contention on appeal is that the trial court granted summary judgment based on speculation outside the record. We disagree and affirm the decision of the trial court.

FACTS

Robert Patis, an experienced insurance agent, was insured for malpractice under an errors and omissions policy with Equity, his professional liability insurer. In December 1979, Robert and Margaret Fanella requested Patis to secure fire insurance coverage for a building they owned and managed. Existing coverage on the building was due to expire on January 31, 1980. Patis was able to place half of the $130,000 requested coverage with West Bend Mutual Insurance Company (West Bend). On January 28, 1980, Patis sent an order to Insurance Central, Ltd., seeking to obtain the remaining $65,000 coverage. The coverage was never obtained.

On February 19, 1980, Patis received a telephone call from Insurance Central informing him that an insurance inspector had gone to

the Fanella property pursuant to preparation for issuing a policy and found a smoldering pile of debris. The Fanella's building was totally destroyed by fire on February 18, 1980. The only insurance in effect on the date of the fire was the $65,000 half coverage under the West Bend policy and a contents policy written by Home Insurance. Upon learning of the fire, Patis did not notify either the Fanellas or Equity of the $65,000 undercoverage.

The day after the fire, the Fanellas hired a public adjuster to investigate their claim for fire loss. The adjuster assisted West Bend and Home Insurance in the investigation and adjustment of the claim. Equity did not take part in the investigation and adjustment by the other insurance companies because Patis persisted in his failure to notify Equity of either the fire or the potential malpractice claim by the Fanellas.

During the investigation of the fire loss by West Bend and Home Insurance, the Fanellas retained counsel. Upon request of the Fanellas' attorney, Patis turned over his entire file to the attorney. At the time he so cooperated with Fanella's attorney, Patis had neither notified Equity of the claim nor requested Equity's consent to such cooperation or to any waiver of its right to counsel.

On April 14, 1980, Equity, still unadvised of the Fanellas' claim, cancelled Patis' malpractice insurance due to an excessive number of negligence claims that had been brought against him. On June 30, 1980, the Fanellas filed suit against Patis for professional malpractice. On July 10, 1980, nearly five months after the Fanellas property had burned to the ground, Patis notified Equity of the Fanellas' claim and tendered to it his defense under the malpractice policy. Equity accepted the tender under a reservation of rights.

Equity inquired of Patis as to when the Fanellas first made a claim against him, a fact Patis had omitted from his preliminary loss report. Patis' response was "the date of the suit," an ambiguous reference either to the date of filing, June 30, 1980, or to the date of service of process, July 8, 1980, both of which had occurred after the cancellation of Patis' malpractice insurance. Because the errors and omissions policy covered only those claims made during the policy period, Equity denied coverage.

Upon learning of Equity's basis for denial, Patis wrote Equity in an attempt to resolve favorably the earlier ambiguity as to the date of the claim. In his letter, Patis stated that he knew of the possible claim by the Fanellas on the date of the fire. This information did not alter Equity's position. Equity informed Patis that his unreasonable and inexcusable failure to give notice of the claim until many months after

he knew of it violated a condition precedent to coverage. Patis failed to undertake his own defense in the suit brought by the Fanellas, and Equity filed suit seeking a declaration of no coverage under Patis' now-expired errors and omissions policy. A motion for summary judgment followed.

In its summary judgment motion, Equity argued that it was an undisputed fact that the policy required Patis to give notice "as soon as practicable" as a condition precedent to coverage. Equity maintained that Patis' delay of nearly five months in giving notice could not reasonably be construed as "as soon as practicable." Patis, on the other hand, contended that the reasonableness of notice and the extent to which Equity was prejudiced by his delay were disputed issues of material fact and that, consequently, the entry of summary judgment in favor of Equity was legally improper.

On October 13, 1982, the trial court granted Equity's motion for summary judgment, finding that Patis failed to give notice "as soon as practicable" as required under the errors and omissions policy. The court held that the notice provision was clear and unambiguous and that satisfaction of the requirement was a condition precedent to coverage. The court found that Patis was experienced "in the ways of insurance" and noted that he offered no justification for his unreasonable delay in notifying Equity.

Turning to the effect of Patis' delay in giving notice, the trial court concluded that Equity was "severely and substantially prejudiced" by its inability to participate in the investigation and adjustment of the Fanellas' fire loss claim. The court further agreed with Patis' own deposition testimony in which he admitted he had been negligent. Finding that there was no genuine issue of material fact and that Equity was entitled to judgment as a matter of law, the court granted Equity's motion for summary judgment. Patis now appeals.

OPINION

Patis presents a single argument in his appeal from the trial court's order granting Equity's summary judgment motion. As his legal premise, Patis posits that before an insured's delay in notifying its insurer may serve as a basis for extinguishing the insurer's liability, the insurance company must show that it was prejudiced by the delay. Applying this principle to the facts of the instant case, Patis contends that the trial court's determination that Equity was prejudiced by the delayed notice of the Fanellas' claim was based on speculation outside the record. Patis contends that the record presented a genuine issue

of material fact as to whether Equity was prejudiced. We find Patis' argument to be both legally and factually without merit.

Patis begins his argument by setting forth the proper standard for summary judgment. Summary judgment will lie only where there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c).) Following this accurate statement of the law, Patis reaches the misguided conclusion that "it is well settled" that whether or not an insurer is prejudiced by an insured's late notice of a claim is an issue of material fact. It is with this conclusion he goes awry.

The existence of factual questions will not preclude summary judgment unless these facts are material to the litigation. (*Burks Drywall, Inc. v. Washington Bank & Trust Co.* (1982), 110 Ill. App. 3d 569, 575, 442 N.E.2d 648, 654.) Facts unrelated to the essential elements of the plaintiff's cause of action are immaterial, and no matter how sharply controverted, their presence in the record will not warrant denial of a motion for summary judgment. Whether there is any material issue to present to the trier of fact is, in the first instance, a question of law to be determined by the court. *Alexander v. Standard Oil Co.* (1981), 97 Ill. App. 3d 809, 814, 423 N.E.2d 578, 582.

Despite Patis' contention as to "well-settled" Illinois law, the prevailing legal standard as consistently applied by this district and enunciated by our supreme court is quite the contrary. While prejudice may be a factor in determining the question of whether an insured has given reasonable notice to its insurer, it is not a condition that will dispense with the requirement. (*Simmon v. Iowa Mutual Casualty Co.* (1954), 3 Ill. 2d 318, 322, 121 N.E.2d 509, 511.) Where, as here, the giving of notice has specifically been made a condition precedent to a right of action against the insurer, any prejudice resulting from a delay in giving notice becomes immaterial. *City of Chicago v. United States Fire Insurance Co.* (1970), 124 Ill. App. 2d 340, 348, 260 N.E.2d 276, 280.

In the instant case, the errors and omissions policy written by Equity contained a provision that required Patis to give notice of any claim "as soon as practicable" as a condition precedent to coverage. The trial court found that the notice provision was clear and unambiguous. Where provisions of an insurance contract are clear and unambiguous and neither illegal nor against public policy, they are to be enforced by the courts. (*Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 694, 344 N.E.2d 635, 638.) In the presence of this provision, any prejudice to Equity resulting from Patis' delay in giving notice is immater-

ial and therefore will not warrant denial of Equity's motion for summary judgment.

■■ Where, as here, an "as soon as practicable" notice provision is present in the insurance contract, the issue becomes not whether the insurer has been prejudiced but rather whether reasonable notice has been given. (*United States Fidelity & Guaranty Co. v. Maren Engineering Corp.* (1980), 82 Ill. App. 3d 894, 898, 403 N.E.2d 508, 511.)

> "The general rule in Illinois is that where an insured has the duty under his insurance policy to notify his insurer *** 'as soon as practicable,' notice must be given to the insurer within a reasonable time, and whether notice was given within a reasonable time is dependent upon all the facts and circumstances of the case." *Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 694, 344 N.E.2d 635, 638.

In the case at bar, the undisputed facts in the record disclose that on February 19, 1980, Patis received a telephone call from Insurance Central informing him of the fire loss on the Fanellas' property. Patis admitted, in his revised response to Equity, that he knew of the possible claim by the Fanellas on the date of the fire. Patis knew as well of the $65,000 undercoverage on the same date. He failed to notify Equity of either of these facts. The record also discloses the uncontested facts that an investigation and adjustment of the claim by two other insurance companies ensued the day after the fire and that Equity was unable to take part in this investigation and adjustment because it had not been notified of the claim.

The purpose of a requirement in an insurance policy that the insured send notice "as soon as practicable" is to enable the insurer to make a timely and thorough investigation of the claim and to protect itself against unjustifiable claims. (*United States Fidelity & Guaranty Co. v. Maren Engineering Corp.* (1980), 82 Ill. App. 3d 894, 898, 403 N.E.2d 508, 511.) In determining whether notice was given in a reasonable time, the trial court considered that Equity was severely and substantially prejudiced by its inability to investigate and participate in the adjustment of the fire loss. The court further noted that Patis was an experienced insurance agent and that if he had given notice anytime within the policy period, it is likely Equity would have afforded coverage. Finally, the trial court affirmed Patis' own conclusion that he was negligent in the handling of the matter.

■■ Based on the undisputed material facts and circumstances contained in the record before it, the trial court determined that Patis' delay of nearly 4½ months in notifying Equity of the Fanellas' fire loss claim was unreasonable and therefore not "as soon as practi-

cable" as required by the insurance contract. Finding that the notice requirement was a condition precedent to coverage and that Patis failed to satisfy this condition, the court held that Equity had properly denied coverage on the malpractice claim brought by the Fanellas against Patis. Finding further that no genuine issue of material fact existed and that Equity was entitled to judgment as a matter of law, the trial court granted Equity's motion for summary judgment.

The record fails to reveal the existence of any genuine issue of material fact and offers ample support for the trial court's decision. For these reasons, we affirm.

Affirmed.

ROMITI, P.J., and JOHNSON, J., concur.