ILLINOIS INSURANCE GUARANTY FUND, Plaintiff-Appellee, v. JOSEPH LOCKHART, Defendant-Appellant.

First District (5th Division)   No. 85—0541

Opinion filed February 6, 1987.

604

Michael D. Spinak & Associates, of Chicago, for appellant.

O'Keefe, Ashenden, Lyons & Ward, of Chicago, for appellee.

JUSTICE PINCHAM delivered the opinion of the court:

Plaintiff, Illinois Insurance Guaranty Fund (IIGF) filed a declaratory action against defendant, Joseph Lockhart, an insured motorist under a policy issued by Security Mutual Casualty Company, seeking a determination of liability coverage under the policy. The court held that Security Mutual Casualty was not liable under the policy because Lockhart failed to comply with certain notice requirements of the policy. The court granted IIGF's motion for summary judgment. Joseph Lockhart contends on appeal that (1) IIGF was not prejudiced by Lockhart's alleged breach of the notice provision in the insurance policy, and (2) IIGF should be estopped from contesting coverage even though he failed to give the notice required by the terms of the policy.

On November 30, 1979, Joseph Lockhart was involved in an intersection automobile accident with a car driven by Tony Biesada, an uninsured motorist. Lockhart notified Security Mutual Casualty of the accident shortly after the occurrence, and on November 11, 1980, Lockhart demanded arbitration pursuant to the provision of the policy. While Lockhart's arbitration demand was pending, Lockhart, on September 25, 1981, filed an action against Biesada, the uninsured motorist, and Illinois Bell. Lockhart's complaint alleged that Illinois Bell was partially responsible for the collision because an Illinois Bell truck parked in the intersection obstructed Lockhart's view of the intersection. Lockhart did not notify Security Mutual Casualty Company of his action against Illinois Bell and Biesada, the uninsured motorist, nor did he forward a copy of the complaint and summons to Security Mutual Casualty Company, as required by the terms of the policy.

On March 22, 1982, Illinois Bell, on its motion, was dismissed from the action on the grounds that the complaint did not state a cause of action against Illinois Bell.

The Security Mutual Casualty Company was declared insolvent on December 3, 1982. The Illinois Insurance Guaranty Fund (IIGF), statutorily created (Ill. Rev. Stat. 1985, ch. 73, par. 1065.82) to avoid financial loss to claimants or policyholders of insolvent insurance companies, took over the processing of Lockhart's claim.

While in the process of preparing for the arbitration hearing, IIGF discovered on November 11, 1983, in a meeting with the uninsured motorist, that Lockhart's lawsuit had been filed against Illinois Bell and the uninsured motorist.

On December 30, 1983, IIGF filed the instant action for declaratory judgment. IIGF's complaint alleged that Lockhart failed to comply with the conditions of the policy necessary to recover under the policy issued by Security Mutual Casualty Company, *i.e.*, that Lockhart failed to notify and furnish Security Mutual Casualty Company with a copy of the summons and Lockhart's complaint against Illinois Bell and Biesada, as required by the notice provision in the policy. IIGF contended that this notice provision was designed to protect the Security Mutual Casualty Company's subrogation rights.

Lockhart filed an answer to the complaint for declaratory relief. IIGF responded with a motion for summary judgment in which it again alleged that Lockhart's failure to comply with the notice requirements of the policy precluded Lockhart from recovering under the policy.

Lockhart filed a cross-motion for summary judgment in which he contended that IIGF did not show that it had been prejudiced by Lockhart's failure to give notice of his action against Illinois Bell and the uninsured motorist, and therefore coverage could not be denied him for his failure to comply with the notice requirements of the policy. Lockhart further asserted that IIGF was estopped from denying coverage because it knew or should have known of Lockhart's suit against Illinois Bell and the uninsured motorist.

Summary judgment, which denied liability to Lockhart, was entered for IIGF from which Lockhart appeals.

Lockhart argues that IIGF must show that it was substantially prejudiced by Lockhart's failure to give notice of his suit against Illinois Bell and the uninsured motorist before coverage under the policy can be denied. He contends that not only must IIGF show that it was prejudiced by his lack of notice to IIGF but that IIGF must also allege such prejudice in its complaint.

IIGF maintains that it is not required to show prejudice where an insured fails to comply with the notice requirements of the policy under which the insured seeks to recover. IIGF further contends that since the time has lapsed for the amendment of the complaint in Lockhart's action against Illinois Bell and the uninsured motorist, it has been prejudiced by the dismissal of a viable defendant.

■ While absence of actual prejudice to IIGF may be a factor to be considered in determining the propriety of notice and the insured's diligence, it is not conclusive that the insurer must show that it was prejudiced by a breach of the notice provision in the insurance policy before denying coverage. "Thus, where there is late notice, the issue is not whether the insured had been prejudiced, but rather whether

reasonable notice has been given." *Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Services, Inc.* (1985), 138 Ill. App. 3d 574, 581, 485 N.E.2d 1281.

In the case at bar, the "notice provision" found in the "CONDITIONS" section of the insurance policy required the insured to give the insurer immediate notice of any legal action instituted by the insured.

The notice provision in the policy reads as follows:

> "If, before the company makes payment of loss under the Uninsured Motorists Coverage, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of a vehicle involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative."

■ This language of the policy is clear and unambiguous. Where the language of the insurance policy is written in clear and unambiguous terms, the language is to be construed and applied as written, unless it contravenes public policy. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539.) Yet, Lockhart urges that the trial court committed error when it refused to determine whether IIGF had been prejudiced by Lockhart's failure to give the notice required by the terms of the policy before entering summary judgment for IIGF.

Lockhart cites *M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 363 N.E.2d 809, and *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 366 N.E.2d 901, as authority for the proposition that an insurer must show actual prejudice because of the insured's failure to comply with the policy's notice requirements to be relieved of its duty to defend and provide coverage in accordance with the terms of the insurance policy.

The record revealed in *M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 211-12, 340 N.E.2d 301, that M.F.A. Mutual Insurance Company (M.F.A.) sold to George Cheek an insurance policy which protected Cheek against automobile accident liability up to $10,000 per accident victim. A cooperation clause in the policy read, "The insured shall cooperate with the Company disclosing all pertinent facts known or available to him, and upon the company's request, assist in making settlements, in the conduct of suits and enforcing any right of contribution or indemnity against any person ***." Cheek was riding in his car with William Valleroy and two other

persons when it struck and injured Harold Miller while he was crossing a street. Cheek informed the police that an M.F.A. representative by telephone that he was driving the car at the time of the accident. Cheek was served with a summons and a copy of Harold Miller's complaint alleging a cause of action arising out of the accident. The next day, Cheek went to the M.F.A. office and told a supervisory employee that he was not driving the automobile but that William Valleroy was the driver at the time of the accident. M.F.A. disclaimed liability under the policy on the ground that Cheek had breached the cooperation clause of the policy by withholding from M.F.A. pertinent information about the accident.

The supreme court discussed when an insured's breach of the cooperation clause in a policy will be regarded as sufficiently serious to void the policy and held that there was no breach of the cooperation clause sufficient to relieve M.F.A. of liability on the policy. The court stated, "unless the alleged breach of the *cooperation clause* substantially prejudices the insurer in defending the primary action, it is not a defense under the contract. This is the test to be employed in our courts in cases where the issue is a breach of the cooperation clause." (Emphasis added.) *M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 499-500, 363 N.E.2d 809.

*Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 366 N.E.2d 901, also involved the breach of a cooperation clause in an automobile insurance policy. In *Hoel*, the plaintiff sued the defendant insurance company under an insurance policy which insured the plaintiff and his wife, Vivian Hoel. Vivian Hoel was a passenger in an automobile driven by Leea Case, which was involved in a collision with an uninsured motorist. Mrs. Hoel and her unborn child died as a result of injuries received in the accident. The defendant alleged that William Siivonen, the owner of the car in which the plaintiff's wife was the passenger, was insured by the American Mutual Insurance Companies and that Hoel's claim was barred because Hoel entered into a settlement agreement with Leea Case, the driver of the Siivonen car, in violation of the subrogation and cooperation clauses of the defendant's policy agreement with the plaintiff.

The court reversed the summary judgment entered in favor of the insurance company in the trial court and remanded the cause on the ground that the pleadings raised substantial questions of fact whether there was any prejudice to the insurer's subrogation rights and that the insurer was required to demonstrate that it was actually hampered in its defense by the violation of the cooperation clause. *Hoel v. Crum & Forster Insurance Co.* (1977), 51 Ill. App. 3d 624, 629, 366

N.E.2d 901.

The foregoing cases relied on by the defendant are not only factually distinguishable from the instant case, but each case also involved the alleged breach of the "cooperation clause" in the insurance policy, whereas in the case at bar the issue is the insured's alleged breach of the *notice clause* in the policy issued by the insurer.

There is an important difference between a notice clause and a cooperation clause. "[I]n Illinois, an insurer does not have to prove it was prejudiced by an insured's breach of the notice clause in a policy in order to escape its duty to pay." *M.F.A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 218, 340 N.E.2d 331.

■ Where there has been late notice to an insurer the issue is not whether the insurer has been prejudiced, but, rather whether reasonable notice has been given. "No general rule can be promulgated as to what constitutes a reasonable time within which to give notice since this question depends upon the facts and circumstances of each particular case. One of the factors to be considered include the length of time in giving the notice, *i.e.*, was the delay unreasonable, and was the insurer prejudiced by reason of the delay." *American Home Assurance Co. v. City of Granite City* (1978), 59 Ill. App. 3d 656, 659, 375 N.E.2d 969.

The notice requirement is not a technical requirement merely for the convenience of the insurer, but rather, it is a valid prerequisite for coverage. (*Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Services, Inc.* (1985), 138 Ill. App. 3d 574, 581, 485 N.E.2d 1281.) While absence of prejudice to the insurer may be a factor in determining whether notice was reasonable, the absence of prejudice does not dispense with the notice requirement. *Equity General Insurance Co. v. Patis* (1983), 119 Ill. App. 3d 232, 236, 456 N.E.2d 348.

■ The notice provision in the defendant's insurance policy with Security Mutual Casualty Company required the insured defendant to give immediate notice of any legal action instituted by the defendant. The defendant does not argue that this notice requirement is unclear. Instead, the defendant urges this court to rule that the insurer must suffer a substantial prejudice from the lack of notice before the insurer can deny coverage. There is nothing in the record in the case at bar which suggests that the two-year delay in giving notice was reasonable. "Where *** the giving of notice has specifically been made a condition precedent to a right of action against the insurer, any prejudice resulting from a delay in giving notice becomes immaterial." *Equity General Insurance Co. v. Patis* (1983), 119 Ill. App. 3d 232, 236, 456 N.E.2d 348.

Therefore the trial court did not err in finding that plaintiff's showing of prejudice from the defendant's failure to give reasonable notice in compliance with the notice provision in the automobile insurance policy issued by Security Mutual Casualty Company was not required as a prerequisite to a denial of liability under the policy.

Defendant further alleges that plaintiff should be estopped from contesting liability where defendant relied on plaintiff's voluntary conduct to defendant's detriment, *i.e.*, defendant asserts that he relied on plaintiff's voluntary compliance with the administrative procedures of the American Arbitration Association. The defendant maintains that the plaintiff knew or should have known that the defendant failed to give the insurer notice of his action against the uninsured motorist and Illinois Bell. Defendant therefore asserts that it would be unjust, inequitable, and unconscionable to allow plaintiff to deny liability under the policy and that plaintiff should be estopped from asserting lack of notice where plaintiff's conduct has been such as to have caused the defendant to have relied upon it and altered his position for the worse.

In *Kenilworth Insurance Co. v. McDougal* (1974), 20 Ill. App. 3d 615, 620, 313 N.E.2d 673, the court stated, "Generally, no intention to waive rights can be inferred against one entitled thereto when he is ignorant of the existence of such rights. [Citation.] However, an insurer may waive a policy defense by continuing under a policy when it knows, or in the exercise of ordinary diligence, could have known the facts in question giving rise to the defense. [Citations.]"

The trial court was correct in ruling that the insurer was not estopped from raising the policy defense in the declaratory judgment action that the insured failed to notify the insurer of the insured's lawsuit against the uninsured motorist and Illinois Bell. Defendant Lockhart's contention that the insurer should be estopped from contesting coverage because plaintiff knew or should have known that Lockhart had not served notice in accordance with the terms of the policy is not substantiated by the record. The defendant contends that the plaintiff should be estopped from contesting coverage because plaintiff continued with arbitration after plaintiff knew or should have known of the defendant's failure to give notice of the action filed against Illinois Bell and the uninsured motorist. Defendant's estoppel contention due to arbitration is inadequate. Plaintiff was unable to assert the policy defense until after it knew that defendant had failed to comply with the notice provision in the policy. The record indicates that the plaintiff discovered that defendant had filed an action against the uninsured motorist and Illinois Bell during plaintiff's interview of

610

the uninsured motorist in preparation for the arbitration proceedings. Furthermore, the record does not indicate that plaintiff was aware or should have been aware that Lockhart filed an action against the uninsured motorist and Illinois Bell.

We find that the trial court correctly held that the defendant failed to give timely notice of his filing of an action against the uninsured motorist and Illinois Bell. Plaintiff's motion for summary judgment was properly granted.

Affirmed.

SULLIVAN, P.J., and LORENZ, J. concur.