THE HARTFORD CASUALTY INSURANCE COMPANY et al., Plaintiffs-Appellants, v. ROBERT SNYDERS, Defendant-Appellee (Robert Snyders et al., Defendants).

Fifth District No. 5—86—0093

Opinion filed March 20, 1987.

Freeark, Harvey & Mendillo, of Belleville (Ray Freeark, of counsel), for appellant Illinois State Medical Inter-Insurance Exchange.

Robert W. Schmieder, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellant Hartford Casualty Insurance Company.

Robert J. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, Hartford Casualty Insurance Company (Hartford) and Illinois State Medical Inter-Insurance Exchange (ISMIE) appeal from the circuit court of St. Clair County's denial of each of their respective declaratory judgments. Each plaintiff had brought separate suits requesting the trial court to determine their rights and liabilities regarding whether medical malpractice insurance coverage should be supplied by them to defendant Dr. Robert Snyders, M.D. Dr. Snyders is the only defendant in this appeal. The issue on appeal is

whether the trial court erred in failing to declare that defendant's failure to give plaintiffs notice "as soon as practical" constituted a material breach of his contracts of insurance with plaintiffs. We reverse.

On April 22, 1981, Larry Daurenhein, a former patient of defendant's, filed a medical malpractice action against Roche Products, Inc., and Sands Industries, Inc. Defendant was made a respondent in discovery and was timely served with a summons and complaint on May 6, 1981. On July 29, 1981, Daurenhein filed a second lawsuit against the same parties as in the first lawsuit except defendant and Hoffman-LaRoche, Inc., were also named as defendants. Dr. Snyders was served an alias summons on October 21, 1981. In both lawsuits, defendant responded to the complaint by sending a letter to the circuit court of St. Clair County asserting certain facts and argument in his own behalf. Defendant did not notify the plaintiffs regarding the lawsuits.

On March 23, 1982, an attorney for Hoffman-LaRoche, Inc., wrote defendant, calling his attention to the fact that Daurenhein's attorney was seeking an order of default against him for failure to respond to the complaint. In April, defendant received another letter from an attorney for Hoffman-LaRoche, Inc., requesting his deposition. It was not until June 5, 1982, that defendant informed plaintiff ISMIE and, on June 11, 1982, he informed plaintiff Hartford. Both insurance companies sent defendant a reservation of rights letter and hired an attorney to represent them who entered his appearance and filed an answer to the complaint. Later, plaintiff ISMIE filed action for declaratory judgment on September 7, 1982, and plaintiff Hartford filed its action for declaratory action on February 9, 1983. The court consolidated both actions on May 26, 1983.

At trial regarding the declaratory judgments, defendant took the witness stand. He stated that he had been in practice for 25 years and during that time he had contact with lawyers requesting records on patients involved in lawsuits. He had even written reports for the lawsuits and had been subpoenaed for court appearances and depositions. At the close of the trial, the court rendered judgment in favor of defendant finding that the two insurance carriers were not prejudiced by the delayed notice by defendant. From this judgment, both plaintiffs appeal, and only defendant Dr. Snyders is involved in this appeal.

The question before this court is whether defendant's failure to give his insurance carriers notice "as soon as practical" constituted a material breach of his insurance contracts, thus relieving the com-

panies from any liability thereunder. Both insurance companies issued policies to defendant containing the following substantially identical provisions:

> "If claim is made or suit is brought against the insured, the insured shall *immediately* forward to the company every demand, *notice, summons,* or *other process* received by him or his representative." (Emphasis added.)

And:

> "Upon the happening of any event, incident, or occurrence *reasonably likely to involve this insurance,* written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to time, place and circumstances thereof and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the company or any of its authorized agents *as soon as practical.*" (Emphasis added.)

 █ The notice provisions in an insurance policy are valid prerequisites to coverage. (*INA Insurance Co. v. City of Chicago* (1978), 62 Ill. App. 3d 80, 83, 379 N.E.2d 34, 37.) Since the Illinois courts have defined the phrase "as soon as practical" as "reasonableness," the issue before this court is whether reasonable notice has been given to the insurer. (*Equity General Insurance Co. v. Patis* (1983), 119 Ill. App. 3d 232, 237, 456 N.E.2d 348, 352.) Reasonableness depends upon the facts and circumstances of the case. (119 Ill. App. 3d 232, 456 N.E.2d 348.) Actual prejudice to the insurer and due diligence of the insured are but factors to be considered in the propriety of the notice and do not conclusively establish the timeliness of the notice. (*Sisters of Divine Providence v. Interstate Fire & Casualty Co.* (1983), 117 Ill. App. 3d 158, 162, 453 N.E.2d 36, 39.) Thus, the test is whether any reasonably prudent person could foresee a lawsuit upon receipt of the first notice that would involve the insurer's policy and would either contact his attorney or his liability carrier. *National Bank v. Winstead Excavating* (1981), 94 Ill. App. 3d 839, 842, 419 N.E.2d 522, 524.

Illinois case law supports the fact that delayed notice shows failure to act with reasonable prudence. In *Equity General Insurance Co. v. Patis,* the court found that a delay of five months was not "as soon as practicable." In *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253, the court held that notice given six months after an accident was not given within reasonable time. In *INA Insurance Co. v. City of Chicago,* the court found that the insured's failure to notify the insurer

for over three months after the parties commenced suit was not reasonable diligence. Finally, in *Charter Oak Fire Insurance Co. v. Snyder* (1974), 22 Ill. App. 2d 350, 317 N.E.2d 307, the court held that a delay of four months prior to giving notice was unjustified or inexcusable.

In this case, defendant was served with a complaint, making him a respondent in discovery on April 22, 1981. Later, on October 21, he was again served as a defendant. At both times, defendant did not give either of his insurance companies notice until after June 5, 1982, more than 13 months after the first service and more than seven months after he had been properly made a party defendant.

■ Defendant's "justified" excuse is that he was confused about whether he was being sued. However, his prior experience with insurance companies reveals knowledge about lawsuits. During the 25 years of practice, he has dealt with attorneys and has given reports and depositions to them. Whether defendant is being sued or not, it becomes incumbent upon him to seek clarification of his status, especially where the insured had been duly served a summons with a complaint twice. No matter how "sincere," "unsophisticated," or "eccentric," as defendant argues, his actions do not justify notifying an insurer 7 to 13 months after service and several phone calls from other attorneys informing him of his position. Thus, this court finds that the delay in notifying the insurer in his case was unreasonable and defendant's excuse for failure unjustified.

For the foregoing reasons, the court reverses the judgment of the circuit court of St. Clair County.

Reversed.

JONES AND HARRISON, JJ., concur.