FRANK PARTIPILO, Plaintiff-Appellee v. ELMER J. HALLMAN, Defendant-Appellant.

First District (4th Division)   No. 86—1519

Opinion filed May 28, 1987.—Rehearing denied July 9, 1987.

808

JOHNSON, J., dissenting.

Hoffman & Davis, of Chicago (Maurice L. Davis, of counsel), for appellant.

McCracken & Walsh, of Chicago (Thomas J. McCracken, Jr., and Thomas G. Moffitt, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

As the result of an error of the Cook County assessor's office, certain improvements located on the property of the defendant, Elmer J. Hallman, were assessed as part of the adjoining property of the plaintiff, Frank Partipilo. Before discovering the error, Partipilo paid $26,467.10 in real estate taxes which should have been assessed against Hallman. Partipilo then brought this action to recover the amount of the overassessment on the theory of unjust enrichment. On cross-motions for summary judgment, the trial court entered a money judgment in favor of Partipilo. Hallman appeals, contending primarily that the theory of unjust enrichment does not support recovery in the instant cause.

The facts are not in dispute. Partipilo was the owner of a parcel of real estate in the city of Chicago adjoining Hallman's property. For the tax years 1977, 1978, and 1979 the Cook County assessor's office mistakenly included a building, portions of a driveway, and a fence in its assessment of the Partipilo property when these improvements were in fact located on the Hallman property. As a result, the Partipilo property was overassessed and the Hallman property underassessed by the same amount, $26,467.10. Partipilo paid the taxes for those years and judgment was subsequently entered in favor of Partipilo and against Hallman for that amount.

In arguing that he had a right to recover the amount of the overassessment, Partipilo relies upon the general proposition that a person shall not enrich himself at another's expense. This proposition is contained in the Restatement of Restitution, which states that "[a] person who has been unjustly enriched at the expense of another is

required to make restitution to the other." (Restatement of Restitution sec. 1, at 12 (1937).) In this vein, section 43 of the Restatement of Restitution states as follows:

"Sec. 43. Performance of Another's Duty or Discharge of Lien Against His Property.

(1) A person who, by payment to a third person, has discharged the duty of another or has released another's property from an adverse interest, doing so unintentionally or acting because of an erroneous belief induced by a mistake of fact that he was thereby discharging a duty of his own or releasing property of his own from a lien, is entitled to restitution from such other of the value of the benefit conferred up to the value of what was given, unless the other disclaims the transaction." (Restatement of Restitution sec. 43, at 172 (1937).)

To illustrate this proposition, the Restatement of Restitution includes the following example, which appears pertinent to the issue in the case at bar:

"A receives from the collector of taxes a notification of taxes due, describing lot X which is owned by B. Believing that it describes lot Y owned by him, A pays the tax. A is entitled to restitution from B." (Restatement of Restitution sec. 43, at 176 (1937).)

See also 1 A. Corbin, Contracts sec. 19, at 47 (1963).

In order to achieve the result suggested in the Restatement of Restitution, Illinois courts have implied a contract in law based upon the defendant's receipt of a benefit which would be unjust for him to retain without paying for it. (*Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 174, 97 N.E. 280, 285; *Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 486, 408 N.E.2d 1069, 1075; *Dickerson Realtors, Inc. v. Frewert* (1974), 16 Ill. App. 3d 1060, 1063-64, 307 N.E.2d 445, 448.) All of these cases stand for the general proposition that a person shall not enrich himself at another's expense and thus appear to support the action of the trial court in allowing Partipilo to recover.

██ Hallman, however, raises a number of arguments in support of his contention that the relief requested by Partipilo is barred. First, he claims that the plaintiff's theory of unjust enrichment is equitable in nature and as an equitable claim it is unavailable where there exists a full and adequate remedy at law. The alleged adequate remedy at law is the relief afforded by the Illinois Revenue Act. (See Ill. Rev. Stat. 1983, ch. 120, pars. 597, 598, 675.) Hallman is in error in this contention. The theory on which the plaintiff in this suit seeks

money damages, unjust enrichment, sometimes referred to as restitution, a contract implied in law, quasi-contract, or an action in *assumpsit*, is the product of a long tradition in law and is an action at law. (*Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 173, 97 N.E. 280, 284-85; *Dickerson Realtors, Inc. v. Frewert* (1974), 16 Ill. App. 3d 1060, 1063, 307 N.E.2d 445, 448; see Restatement of Restitution Introductory Note, at 4 (1937); 1 G. Palmer, Restitution sec. 1.2 (1978); A. Corbin, Contracts secs. 19, 20 (1 vol. ed. 1952); D. Dobbs, Remedies sec. 4.2, at 232 (1973).) The confusion with equity emanates from the decision of the King's Bench in 1760 in the case of *Moses v. Macferlan* (1760), 2 Burr. 1005, 97 Eng. Rep. 676, where Lord Mansfield stated that the defendant's obligation came "from the ties of natural justice" founded in "the equity of the plaintiff's case." (See 1 G. Palmer, Restitution sec. 1.2, at 7 (1978); *Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 173, 97 N.E. 280, 285.) As Palmer explains, the statement concerning the action of quasi-contract being equitable has been repeated many times, but merely refers to the way in which a claim should be approached "since it is clear that the action is at law and the relief given is a simple money judgment." (1 G. Palmer, Restitution sec. 1.2, at 9 (1978).) Consequently, Hallman's equitable defense based upon an adequate remedy at law is unavailable since this is an action at law for a monetary recovery. See 1 G. Palmer, Restitution sec. 1.6 (1978).

■ Hallman next makes a number of contentions suggesting that the plaintiff was at fault and that there was no fault on the part of Hallman. A cause of action based on unjust enrichment, however, does not require fault on the part of the defendant. (See Restatement of Restitution ch. 7 Introductory Note, sec. 155 (1937); 1 G. Palmer, Restitution sec. 2.20 (1978); 4 G. Palmer, Restitution sec. 19.7 (1978).) Instead the essence of the cause of action is that one party is enriched and it would be unjust for that party to retain the enrichment.

■ Hallman also contends that any enrichment he may have received is not unjust because the term unjust means unlawful. To support this contention, he cites the cases of *Sheasgreen Holding Co. v. Dworsky* (1930), 181 Minn. 79, 231 N.W. 395, and *First National Bank v. Ramier* (Minn. 1981), 311 N.W.2d 502. Although the first of the two cited cases does indeed say that unjust means unlawful, there is no citation of authority supporting that proposition. The second case merely repeats the proposition contained in the first case. We find no support for the proposition espoused by the Minnesota court in any other case law or in the relevant literature. It appears to be completely opposed to the concept of unjust enrichment, which fo-

cuses on the enrichment of the defendant, and the fact that it would be an injustice for the defendant to receive this benefit without paying the plaintiff for it. See 3 G. Palmer, Restitution sec. 14.19 (1978).

Hallman further contends that any enrichment in the case at bar has not been at the expense of the plaintiff. He argues that he neither took nor received any benefit from Partipilo. Obviously, Hallman received a benefit in the form of lower taxes. His innocence in receiving the benefit does not mean that his retention of the benefit without payment is just. See 1 G. Palmer, Restitution sec. 2.20 (1978); 4 G. Palmer, Restitution sec. 19.7 (1978); Restatement of Restitution sec. 155(1), comment a, at 612 (1937).

Hallman does make two arguments concerning the amount of the recovery that we believe are meritorious. First, Hallman claims that he has been deprived of his right to object to the assessed evaluation of his improvements. Where Hallman is no more at fault than Partipilo, he has no duty to pay more than the amount of the tax he would have had to pay if the improvements were assessed as part of his property. (See Restatement of Restitution sec. 155, comment e, at 616 (1937).) Thus, Hallman was not enriched to the extent that his taxes would have been lowered had he filed an objection to the assessment. It is a question of fact, of course, whether the assessment would have been reduced. This question of fact precludes the entry of summary judgment, and the cause must therefore be remanded to the trial court.

Hallman's second contention is that he was not allowed to and can no longer take deductions on his Federal income taxes for the real estate taxes in question. For the same reasons concerning the objections to the amount of the assessment, we believe that Hallman was not enriched to the extent that he may have overpaid his Federal income taxes. Any overpayment should be borne by Partipilo, and the amount of such overpayment is a question of fact to be resolved by the trial court.

Hallman's final contention is that this action is barred by the statute of limitations and by *laches*. As discussed earlier, this is a legal action and *laches* is not an appropriate defense to a legal action. As to the statute of limitations, we believe that Hallman's point is well taken. The 1977 general taxes and the first installment of the 1978 taxes were paid more than five years prior to the filing of the lawsuit and consequently are barred by the statute of limitations. On remand, the judgment is to be reduced by the amount which Partipilo paid more than five years preceding the filing of this lawsuit.

The cause is reversed and remanded for proceedings not inconsis-

tent with the views expressed in this opinion.

Reversed and remanded.

LINN., J., concurs.

JUSTICE JOHNSON, dissenting:
The majority holds that Partipilo stated a cause of action for unjust enrichment and that he is entitled to relief from Hallman. The majority concludes, however, that two issues of fact prevented the trial court from entering summary judgment for Partipilo. The majority also concludes that the statute of limitations applies to this case and bars Partipilo from recovering taxes that he paid more than five years preceding his filing of the lawsuit. I believe that summary judgment is appropriate in this case and that the statute of limitations is inapplicable. I would affirm the judgment of the trial court in all respects. Consequently, I respectfully dissent.

I

The majority notes that Hallman was "deprived of his right to object to the assessed evaluation of his improvements," and that he was "not enriched to the extent that his taxes would have been lowered had he filed an objection to the assessment." (156 Ill. App. 3d at 811.) The majority concludes, therefore, that it is a question of fact whether the assessment would have been reduced and that this question of fact precludes summary judgment. The majority next notes that "Hallman was not enriched to the extent that he may have overpaid his Federal income taxes. Any overpayment should be borne by Partipilo, and the amount of such overpayment is a question of fact to be resolved by the trial court." 156 Ill. App. 3d at 811.

Summary judgment is available only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Artis v. Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231-32, 450 N.E.2d 756, 758.) Further, the mere existence of factual questions will not preclude summary judgment unless those facts are material to the litigation. Facts that are unrelated to the essential elements of plaintiff's cause of action are immaterial; no matter how sharply the parties dispute them, their presence in the record will not warrant denial of a motion for summary judgment. *Equity General Insurance Co. v. Patis* (1983), 119 Ill.

App. 3d 232, 236, 456 N.E.2d 348, 351, cited in *Eakins v. New England Mutual Life Insurance Co.* (1984), 130 Ill. App. 3d 65, 68, 473 N.E.2d 439, 442.

Applying these principles to the instant case, I conclude that summary judgment is appropriate. All parties agreed on the material facts in the trial court and continue to do so. The majority opinion begins by noting that the parties do not dispute the facts. The only issue before the trial court was whether the theory of unjust enrichment supported recovery by Partipilo. The majority holds that it does. No one disputes that Partipilo paid $26,467.10 as a result of the overassessment. No genuine issues of material fact are present.

Although a trial court should construe the facts liberally in favor of the nonmovant in considering a motion for summary judgment, the court need not strain to adduce some remote factual possibility that will defeat the motion. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145, 407 N.E.2d 1031, 1033.) The majority speculates on the amount that Hallman's taxes would have been lowered, had he filed an objection at all, which is further speculation. The amount that Hallman overpaid on his Federal income taxes is additional speculation. I would affirm the trial court's entry of summary judgment for Partipilo.

## II

The majority also holds that the statute of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—205) applies to this case and bars Partipilo from recovering taxes that he paid more than five years preceding his filing of the lawsuit. I believe that the statute of limitations does not apply to this case.

The majority correctly holds that the tort of unjust enrichment is not an equitable cause of action, but, rather, is an action at law. Thus, the majority correctly rejects Hallman's equitable defense based upon an adequate remedy at law since this is an action at law. The majority concludes, however, that the legal defense of the statute of limitations necessarily applies to this case. I disagree.

The authorities upon which the majority relies for the rule that the tort of unjust enrichment is an action at law also teach that principles of equity govern the right to recover. *Board of Highway Commissioners v. City of Bloomington* (1911), 253 Ill. 164, 174, 97 N.E. 280, 285; *Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 486, 408 N.E.2d 1069, 1074; *Dickerson Realtors, Inc. v. Frewert* (1974), 16 Ill. App. 3d 1060, 1063, 307 N.E.2d 445, 448.

Further, a court of equity usually follows the statute of limitations as a convenient measure for determining the length of time that ought to operate as a bar to an action. The limitations period, however, is neither conclusive nor binding. The court may refuse relief although the time that the statute fixed has not expired, or may grant relief even though the time limitation has long elapsed. The court must review the facts of each particular case to determine whether to strictly construe the statute. *Stenwall v. Bergstrom* (1947), 398 Ill. 377, 385-86, 75 N.E.2d 864, 868.

Since principles of equity govern the right to recover in an action for unjust enrichment, the statute of limitations is neither conclusive nor binding in the instant case. After reviewing the record, I conclude that the majority's application of the limitations period in this case is inequitable. Referring to the discussion of *laches* in *Matchett v. Rose* (1976), 36 Ill. App. 3d 638, 650-51, 344 N.E.2d 770, 781, I additionally note that Partipilo was sufficiently vigilant in enforcing his rights. I, therefore, would reject Hallman's claim that *laches* bars Partipilo's action.

For the foregoing reasons, I would affirm the judgment of the trial court.