**Kenneth KITSON, individually and on behalf of others similarly situated, Plaintiff,**

v.

**The BANK OF EDWARDSVILLE and Harland Financial Solutions, Inc., Defendants.**

**No. CIV. 06–528–GPM.**

United States District Court, S.D. Illinois.

Nov. 16, 2006.

Bernard J. Ysursa, Sr., Cook, Ysursa et al., Thomas R. Ysursa, Becker, Paulson et al., Belleville, IL, Pat Ducey, Reinert & Rourke, St. Louis, MO, for Plaintiff.

Gary Mayes, James W. Erwin, Sharon B. Rosenberg, Thompson Coburn, St. Louis, MO, Barry Goheen, Jennifer D. Fease, Jonathan R. Chally, Misty M. Speake, King & Spalding LLP, Atlanta, GA, Russell K. Scott, Greensfelder, Hemker et al., Swansea, IL, for Defendants.

### MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on the "Motion to Strike Defendant, Bank of Edwardsville's Memorandum in Opposition to Plaintiff's Motion to Remand" (Doc. 49), the "Motion to Strike Defendant, Harland Financial Solutions, Inc.'s Supplement to its Brief in Opposition to Plaintiff's Motion to Remand" (Doc. 57), and the "Motion for Leave to File Response to Defendant, Harland Financial Solutions, Inc.'s Supplement to its Brief in Opposition to Plaintiff's Motion to Remand" (Doc. 58) brought by Plaintiff Kenneth Kitson, individually and on behalf of others similarly situated. For the following reasons, Kitson's motions are **DENIED**.

■ Concerning Plaintiff's motions to strike, under the Federal Rules of Civil Procedure a motion to strike may be directed only to a pleading, not a brief or an exhibit thereto. *See Latino Quimica–Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03 Civ. 10312(HBDF), 2005 WL 2207017, at * 10 n. 6 (S.D.N.Y. Sept. 8, 2005); *Pimentel & Sons Guitar Makers, Inc. v. Pimentel*, 229 F.R.D. 201, 203 (D.N.M.2005); *Lombard v. MCI Telecomms. Corp.*, 13 F.Supp.2d 621, 625 (N.D.Ohio 1998); *Board of Educ. of Evanston Township High Sch. Dist. No. 202 v. Admiral Heating & Ventilation, Inc.*, 94 F.R.D. 300, 304 (N.D.Ill.1982); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed. 1998 & Supp.2006) (collecting cases). While the Court has of course the inherent power to strike submissions to the Court other than pleadings, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05–0815–PHX–ROS, 2005 WL 3434718, at *3 (D.Ariz. Dec. 13, 2005); *DeBoer v. Village of Oak Park*, No. 98 C 2437, 1999 WL 691845, at *1 (N.D.Ill. Aug. 25, 1999); *Mount Sinai Hosp. v. Borg–Warner Corp.*, 527 F.Supp. 922, 926–27 (S.D.N.Y. 1981); *In re REA Holding Corp.*, 447 F.Supp. 167, 171 (S.D.N.Y.1978), the Court declines to do so in this instance.

■ Although, as Kitson argues, the memorandum of points and authorities filed by Defendant The Bank of Edwardsville ("Bank") in response to Kitson's motion for remand of this case to state court is untimely under Local Rule 7.1(c), the Court reminds Kitson and his attorneys that the Local Rules are meant to assist the Court, not to serve as a weapon in litigation for parties. *See United States v. Dichiarinte*, 385 F.2d 333, 337 (7th Cir.1967) ("[L]ocal rules exist for the purpose of governing the flow of work in the district court as sensibly and efficiently as possible, and not to create a right in a litigant[.]"); *United States v. Keane*, 375 F.Supp. 1201, 1204 (N.D.Ill.1974) ("Local regulations are promulgated by district courts primarily to promote efficiency of the court," and a local rule of court cannot vest in a litigant a right to have his or her case heard by a randomly-selected judge). *Cf. Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 783–84 (9th Cir.1970) (local rules are not a limitation on the power of a federal court). Additionally, the evidence submitted by the Bank in support of its brief in opposition to remand is very useful to the Court in ascertaining whether the size of the class and the amount in controversy in this case satisfy the prerequisites for the exercise of federal subject matter jurisdiction in diversity pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub.L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). In fact, holding that the Bank waived the right to present evidence concerning subject matter jurisdiction through failure to comply with a Local Rule of Court likely would run afoul of the familiar principle that subject matter jurisdiction cannot be created through, for example, laches, waiver, or estoppel, *see Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir.1980), and that the Court has a duty to ascertain the existence or non-existence of subject matter jurisdiction regardless of the representations of the parties. *See Capital Fed. Sav. of Am. v. Geldermann & Co.*, No. 86 C 9232, 1987 WL 7270, at *1 (N.D.Ill. Feb. 24, 1987) (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986)).

As to Kitson's request to strike the so-called "supplemental" memorandum of points

and authorities filed by Defendant Harland Financial Solutions, Inc. ("Harland") in opposition to remand of this case, Kitson is correct that Harland's brief was filed without leave of Court, in violation of Local Rule 7.1(c), which defines the narrow universe of briefs parties are permitted to file with respect to a particular motion. Although the Court does not find Harland's supplemental brief especially helpful in resolving the issue of remand, the Court in its discretion will permit Harland to file the brief and will not strike it, with the understanding that Harland and the other parties to this litigation will file no more such unsolicited briefs without the Court's permission. *See Weibrecht v. Southern Ill. Transfer, Inc.,* 241 F.3d 875, 881 (7th Cir.2001) (district courts enjoy "considerable discretion in interpreting and applying their own local rules."); *Carr v. Whittenburg,* No. 3:01–cv–625–DGW, 2006 WL 1207286, at *2 n. 1 (S.D.Ill. April 28, 2006) (quoting *Slanina v. William Penn Parking Corp.,* 106 F.R.D. 419, 422 (W.D.Pa.1984)) ("[N]oncompliance with the local rules may be excused by the court in its discretion."). Because the Court has received all of the briefing it wishes to accept regarding remand of this case to state court and does not believe that further briefing will be of assistance to it, the Court will deny Kitson's request for leave to file a response to Harland's supplemental brief. The Court cautions the parties that briefing on the issue of remand is closed. Subject to any applicable rules of waiver, *see, e.g.,* 28 U.S.C. § 1447(c); *Bova v. U.S. Bank, N.A.,* 446 F.Supp.2d 926, 932 (S.D.Ill.2006); *Fields v. Jay Henges Enters., Inc.,* Civil No. 06–323–GPM, 2006 WL 1875457, at *2 (S.D.Ill. June 30, 2006), further arguments concerning remand can be raised on a motion for reconsideration of the Court's ultimate decision regarding Kitson's motion for remand or, perhaps most appropriately, on a petition for leave to appeal pursuant to 28 U.S.C. § 1453(c). Kitson's motions (Doc. 49, Doc. 57, Doc. 58) are **DE-NIED.**

**IT IS SO ORDERED.**