Amanda **KREMERS** and Jason McCann, individually and on behalf of all others similarly situated, Plaintiffs,

v.

**THE COCA–COLA COMPANY,**
Defendant.

Civil No. 09–333–GPM.

United States District Court,
S.D. Illinois.

July 13, 2009.

Jeffrey A.J. Millar, Brent Coon & Associates, St. Louis, MO, Thomas G. Maag, Wendler Law P.C., Edwardsville, IL, for Plaintiffs.

Gene M. Williams, Shook, Hardy et al., Houston, TX, Holly P. Smith, James R. Eiszner, Jr., John F. Murphy, Laurie Ann Novion, Shook, Hardy et al., Kansas City, MO, Troy A. Bozarth, Springfield, IL, Gordon R. Broom, Edwardsville, IL, for Defendant.

### *MEMORANDUM AND ORDER*

MURPHY, District Judge:

Plaintiffs Amanda Kremers and Jason McCann filed this putative class action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, on March 2, 2009. Defendant Coca–Cola Company ("Coca–Cola") removed the action to this Court on May 1, 2009. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub.L. No. 109–2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). In their complaint Kremers and McCann allege that they purchased soft drinks manufactured by Coca–Cola that were marketed as

being the "classic" or "original formula" of Coca–Cola's famous beverage but which in fact were sweetened with high fructose corn syrup ("HFCS"). According to Kremers and McCann, the classic or original formula of Coca–Cola's flagship drink was sweetened with sucrose derived from sugar cane or sugar beets, not HFCS. Kremers and McCann assert claims against Coca–Cola for deceptive and unfair trade practices under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and unjust enrichment. Additionally, they seek certification of a class defined as, "All citizens and lawful permanent resident aliens of Illinois who between February 20, 2004[,] and February 20, 2009[,] purchased Coca–Cola Classic® adulterated with HFCS in a container (*e.g.* [,] bottle or can) labeled "Classic" and "original formula" and are in possession of the container purchased (*e.g.* [,] bottle or can[ ] ). Doc. 2–3 at 6 ¶ 21. Following removal of the case to this Court, Coca–Cola answered the complaint and demanded a jury trial on all counts of the complaint in this case. Kremers and McCann in turn filed a motion to strike Coca–Cola's jury demand as to Counts I–III of the complaint, which assert claims under the ICFA (Doc. 18). The motion to strike has been fully briefed and is ripe for decision, and accordingly the Court now rules as follows.

As an initial matter, the Court notes that although the motion to strike does not specify the procedural rule under which it is brought, it may be deduced that it is Rule 12 of the Federal Rules of Civil Procedure. That rule provides, in pertinent part, that where, as here, a party makes a motion within twenty days of service of a pleading, a court "may strike from [the] pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). It is the case, of course, that "motions to strike are disfavored," because they "potentially serve only to delay," although when motions to strike "remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir. 1989) (citing *United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir.1975)). Thus, motions to strike can be "useful" when, for example, "the parties disagree on the legal implications of the uncontroverted facts." *Resolution Trust Corp. v. Gallagher,* No. 92 C 1091, 1992 WL 370248, at *3 (N.D.Ill. Dec. 2, 1992). In particular, Rule 12(f) motions are employed frequently in this Circuit to strike improper jury demands as to claims for relief which afford no right to a jury trial. *See, e.g., Beesley v. International Paper Co.,* No. 06–703 DRH, 2009 WL 260782, at *4 (S.D.Ill. Feb. 4, 2009) (using Rule 12(f) to strike a demand for a jury trial as to certain claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*); *Spano v. Boeing Co.,* No. 06–cv–743–DRH, 2007 WL 1149192, at **6–9 (S.D.Ill. Apr. 18, 2007) (same); *Cabin v. Plastofilm Indus., Inc.,* No. 96 C 2564, 1996 WL 496604, at *1 & n. 1, **3–4 (N.D.Ill. Aug. 29, 1996) (same).[1]

---

1. Naturally the Court has inherent power to strike pleadings and other submissions and matter therefrom. *See Kitson v. Bank of Edwardsville,* 240 F.R.D. 610, 611 (S.D.Ill.2006). As a general rule, however, a court's inherent powers are to be used only interstitially and not where, as here, a matter is governed by express procedural rules. *See Disher v. Citigroup Global Mkts., Inc.,* 486 F.Supp.2d 790, 795 (S.D.Ill.2007) (citing *Spano,* 2007 WL 1149192, at *6 n. 6) (there is a "presumption in favor of proceeding under the Federal Rules of Civil Procedure, rather than the inherent powers of a federal court, where a given procedural matter is expressly governed by procedural rules[.]'').

■ Turning then to the merits of the instant motion to strike, it is true, of course, that there is no right to a jury trial on an ICFA claim in Illinois state court. *See Martin v. Heinold Commodities, Inc.,* 163 Ill.2d 33, 205 Ill.Dec. 443, 643 N.E.2d 734, 754–55 (1994); *Prior Plumbing & Heating Co. v. Hagins,* 258 Ill.App.3d 683, 197 Ill.Dec. 84, 630 N.E.2d 1208, 1211 (1994); *Rubin v. Marshall Field & Co.,* 232 Ill.App.3d 522, 173 Ill.Dec. 714, 597 N.E.2d 688, 693 (1992); *Wheeler v. Sunbelt Tool Co.,* 181 Ill.App.3d 1088, 130 Ill.Dec. 863, 537 N.E.2d 1332, 1347 (1989); *Richard/Allen/Winter, Ltd. v. Waldorf,* 156 Ill. App.3d 717, 109 Ill.Dec. 239, 509 N.E.2d 1078, 1083 (1987). This is not dispositive, however, as to the issue of whether Coca–Cola is entitled to a jury trial on the ICFA claims against it in federal court. In federal court, the right to a jury trial must be determined as a matter of federal law, even if the claim arises under state law and is before the court on diversity jurisdiction. *See Simler v. Conner,* 372 U.S. 221, 222, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Mayer v. Gary Partners & Co.,* 29 F.3d 330, 333 (7th Cir.1994); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2303 (3d ed. 1998 & Supp.2009) (collecting cases). The Seventh Amendment to the United States Constitution sets forth the constitutional basis for the right to a jury trial in federal court: "In [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII. *See also* Fed.R.Civ.P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution ... is preserved to the parties inviolate."). Importantly, the Seventh Amendment, which is binding on federal courts but not state courts, may create a right to a jury trial in federal court even where no such right exists in state court. *See Simler,* 372 U.S. at 222, 83 S.Ct. 609; *Wartman v. Branch 7, Civil Div., County Court, Milwaukee County, State of Wis.,* 510 F.2d 130, 134 (7th Cir.1975).

■ The Supreme Court of the United States has interpreted the right to a jury trial preserved by the Seventh Amendment to extend beyond "suits at common law," and to embrace all suits in which legal rights are adjudicated, as opposed to actions where equitable rights alone are at issue and equitable remedies are administered. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). In *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), the Court also held that "the Seventh Amendment ... appl[ies] to statutory actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Id.* at 194, 94 S.Ct. 1005. *See also Lebow v. American Trans Air, Inc.,* 86 F.3d 661, 669 (7th Cir.1996); *Grayson v. Wickes Corp.,* 607 F.2d 1194, 1196 (7th Cir.1979). To determine whether a particular action will resolve legal rights and thus give rise to a jury trial right, a court must examine both the nature of the claim for relief and the remedy sought. *See Wooddell v. International Bhd. of Elec. Workers, Local 71,* 502 U.S. 93, 97, 112 S.Ct. 494, 116 L.Ed.2d 419 (1991) (citing *Terry,* 494 U.S. at 565, 110 S.Ct. 1339); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 648 (7th Cir.2002). Specifically, a court must: (1) compare the statutory action in question to analogous 18th-century actions existing at the time the Seventh Amendment was ratified, which antedates, of course, the merger of the courts of law and equity in the federal judicial system; and (2) examine the remedy sought, and

determine whether the claim and the remedy are legal or equitable in nature. *See Tull v. United States*, 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987); *United States v. One 1976 Mercedes Benz 280S*, 618 F.2d 453, 456–58 & n. 8 (7th Cir.1980). The second inquiry is the more important one in the analysis. *See Terry*, 494 U.S. at 565, 110 S.Ct. 1339; *Jefferson Nat'l Bank of Miami Beach v. Central Nat'l Bank in Chicago*, 700 F.2d 1143, 1149 (7th Cir.1983).[2]

■■■■ Although the United States Court of Appeals for the Seventh Circuit has not spoken to the issue of whether there is a right to a jury trial on an ICFA claim in federal court, a number of thoughtful opinions from sister federal trial courts in this Circuit have concluded that the Seventh Amendment does create such a right. *See, e.g., Cellular Dynamics, Inc. v. MCI Telecomms. Corp.*, No. 94 C 3126, 1997 WL 285830, at **6–9 (N.D.Ill. May 23, 1997); *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, No. 92 C 2379, 1993 WL 451410, at **1–2 (N.D.Ill. Nov. 2, 1993); *Inter–Asset Finanz AG v. Refco, Inc.*, No. 92 C 7833, 1993 WL 311772, at **3–4 (N.D.Ill. Aug. 12, 1993). *But cf. GreatAmerica Leasing Corp. v. Cozzi Iron & Metal, Inc.*, 76 F.Supp.2d 875, 880 (N.D.Ill.1999). While the Court is perfectly well aware that, as Kremers and McCann point out, the opinions of district courts are not precedents, *see Fry v. Exelon Corp. Cash Balance Pension Plan*, 571 F.3d 644, 648 (7th Cir. 2009); *Matheny v. United States*, 469 F.3d

1093, 1097 (7th Cir.2006); *Dudley v. Putnam Inv. Funds*, 472 F.Supp.2d 1102, 1105 (S.D.Ill.2007), decisions of coordinate courts are entitled to this Court's respectful attention and to such weight as their persuasive value commands. *See Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1123 (7th Cir.1987); *Richards v. Local 134, Int'l Bhd. of Elec. Workers*, 790 F.2d 633, 636 (7th Cir.1986); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 851 (S.D.Ill.2006). The Court concurs with what it views as the better-reasoned authority holding that there is a right to a jury trial on an ICFA claim in federal court.

■■■■ Applying the historical test, the Court first compares an ICFA action to analogous 18th-century actions existing at the time of the adoption of the Seventh Amendment. A claim for deceptive trade practices under the ICFA is in essence a claim for common-law fraud shorn by statute of the necessity of proving either an intent to deceive on the part of a defendant or reasonable reliance on an alleged misrepresentation on the part of a plaintiff. *See Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir.1997) (applying Illinois law); *Oshana v. Coca–Cola Bottling Co.*, 225 F.R.D. 575, 583 (N.D.Ill.2005) (same); *Azimi v. Ford Motor Co.*, 977 F.Supp. 847, 852 n. 5 (N.D.Ill.1996) (same); *Siegel v. Levy Org. Dev. Co.*, 153 Ill.2d 534, 180 Ill.Dec. 300, 607 N.E.2d 194, 198 (1992). According to the United States Supreme Court, "Our decisions establish beyond peradventure that '[i]n cases of fraud or mistake, as under any other head

---

**2.** The United States Supreme Court has identified a third consideration in determining whether an action is legal or equitable for Seventh Amendment purposes, namely, "the practical abilities and limitations of juries." *Ross v. Bernhard*, 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970). However, this criterion is relevant only to a determination of "whether Congress has permissibly

entrusted the resolution of certain disputes to an administrative agency or specialized court of equity, and whether jury trials would impair the functioning of the legislative scheme[.]" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n. 4, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). Accordingly, this Court does not consider this criterion in this instance.

of chancery jurisdiction, a court of the United States will not sustain a bill in equity to obtain only a decree for the payment of money by way of damages, when the like amount can be recovered at law in an action sounding in tort or for money had and received.'" *Granfinanciera*, 492 U.S. at 47–48, 109 S.Ct. 2782 (quoting *Buzard v. Houston*, 119 U.S. 347, 352, 7 S.Ct. 249, 30 L.Ed. 451 (1886)). Similarly, a claim under the ICFA for unfair trade practices likewise is analogous to an 18th-century action at law. As in *Curtis*, in which the Court found that an action under a federal civil rights statute was one to enforce legal rights and remedies, "[a] damages action under the [ICFA] sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach." 415 U.S. at 195, 94 S.Ct. 1005. In sum, "this cause of action [under the ICFA] is analogous to a number of tort actions recognized at common law." *Id.* Finally, with respect to the nature of the remedy sought, that too is legal, given that the complaint in this case demands monetary damages. *See id.* at 196, 94 S.Ct. 1005 (noting that "actual and punitive damages [are] the traditional form of relief offered in the courts of law.").[3]

▆▆▆ Although Kremers and McCann make much of the fact that before removal this case was assigned to the chancery division of the Madison County circuit court, the Court assigns no importance to this fact, given that, as noted, in federal diversity actions, federal law governs the characterization of a state-created claim as legal or equitable for purposes of determining whether the right to a jury trial exists. *See Simler*, 372 U.S. at 222, 83 S.Ct. 609; *Jefferson Nat'l Bank*, 700 F.2d at 1149; *Cellular Dynamics*, 1997 WL 285830, at *6. Finally, the Court rejects the contention asserted by Kremers and McCann that because this action is brought as a class action, it necessarily is equitable for purposes of the Seventh Amendment right to a jury trial. Although the historical roots of the class action device lie, of course, in equity jurisprudence, it is well established that parties to a class action have a right to a jury trial on any issues of law presented by such an action. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845–46, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999) (parties to a class action have a Seventh Amendment right to a jury trial on any legal issues they raise, but not on equitable ones); *Ross*, 396 U.S. at 541, 90 S.Ct. 733 (noting that it is "settled ... that class action [parties] may obtain a jury trial on any legal issues they present."); *Cimino v. Raymark Indus., Inc.*, 151 F.3d 297, 312 (5th Cir.1998) (citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir.1978)) ("[T]he applicability of the Seventh Amendment is not altered simply because the case is [a] class action."); *City of Detroit v. Grinnell Corp.*,

---

**3.** While it is true that the complaint in this cause requests in addition to damages injunctive relief, this does not deprive Coca-Cola of its right to a jury trial. "[O]nce the right to a jury trial attaches to a claim, it extends to all factual issues necessary to the resolution of that claim." *In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 323 (S.D.Ill.2007). Furthermore, "[i]n the Federal courts this ... jury ... right [created by the Seventh Amendment] cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency." *Id.* (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)). In this case the Court can fashion appropriate equitable relief once all legal rights and remedies at issue here have been resolved by the jury. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479–80, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

356 F.Supp. 1380, 1388 (S.D.N.Y.1972), *rev'd in part on other grounds*, 495 F.2d 448 (2d Cir.1974) ("Defendants' right to a jury determination of the damages for each asserted claim is not lost because this is a class action. While Rule 23 [of the Federal Rules of Civil Procedure] has been given broad application, no one suggests that it has repealed the Seventh Amendment."); *Richland v. Crandall*, 259 F.Supp. 274, 280 (S.D.N.Y.1966) (noting that although "[c]lass actions have sometimes been referred to as creatures of equity," they nonetheless may be the subject of "suits at common law" within the meaning of the Seventh Amendment, thus requiring jury trials as to all issues, such as damages, that could have been the subject of a common-law action); 7B Wright, Miller & Kane, *Federal Practice & Procedure* § 1801 (noting that post-*Ross* it is now accepted that there is a right to a jury trial on legal issues presented by a class action, though not equitable ones) (collecting cases). The Court concludes that Coca–Cola has a Seventh Amendment right to a jury trial as to the ICFA claims in this case.[4]

4. As a final matter, although nobody has challenged Coca–Cola's right to a jury trial as to the unjust enrichment claim asserted in this case, the Court notes in passing that Coca–Cola is entitled to a jury trial on this claim as well. Although unjust enrichment is spoken of commonly as "equitable," this is so chiefly in the sense that the doctrine is addressed to matters of fairness; historically, the roots of unjust enrichment are in law, specifically, the writ of assumpsit. *See Burns Philp Food, Inc. v. Cavalea Continental Freight, Inc.*, 135 F.3d 526, 527–28 (7th Cir.1998) (rejecting the view that restitution based on unjust enrichment is a claim sounding in equity and stating that "we do not find persuasive indications that the Supreme Court of Illinois thinks of restitution as an action in equity rather than at law."); *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 172 Ill.App.3d 718, 122 Ill.Dec. 725, 527 N.E.2d 97, 109 (1988), *rev'd*

To conclude, the Court finds that the motion of Kremers and McCann to strike Coca–Cola's jury demand as to the ICFA claims in this case (Doc. 18) is not well taken and accordingly the motion is **DENIED.**

**IT IS SO ORDERED.**

*in part on other grounds*, 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672 (1989) ("Although there has been considerable confusion on the matter, unjust enrichment is not an equitable action. Rather, unjust enrichment, sometimes referred to as restitution, contract implied in law, quasi-contract, or an action in *assumpsit*, is an action at law."); *Partipilo v. Hallman*, 156 Ill.App.3d 806, 109 Ill.Dec. 387, 510 N.E.2d 8, 10–11 (1987) (a suit seeking money damages under a theory of "unjust enrichment," sometimes referred to as restitution, a contract implied in law, a quasi-contract, or an action in assumpsit, is concerned with "the ties of natural justice ... founded in ... the equity of the plaintiff's case" but nonetheless is an action at law for a monetary recovery, and an equitable defense based upon the existence of an adequate remedy at law is unavailable against such a claim).